No. 32,280

THE STATE OF KANSAS, *Appellee,* v. ART REIDIE, *Appellant.*

(46 P. 2d 601)

Opinion
filed July 6, 1935.

*Eustace Smith,* of Hutchinson, for the appellant.

*Clarence V. Beck,* attorney general, *Earl B. Swarner,* assistant attorney general, and *I. F. Benest,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of larceny of an automobile, and appeals.

The larceny was planned by defendant and Gerald Mahan. Mahan actually stole the car. Defendant then desired to sell the car, instead of dismantling it and selling the parts. To gain time in which defendant might find a buyer, defendant and Mahan, acting together, hid the car in a gully in the Flint Hills.

At defendant's preliminary examination, Mahan voluntarily told the whole story. Mahan was produced by the state as a witness at the trial. He said he would rather not testify. His privilege was then explained to him, he still said he did not want to testify, and he asserted he would not do so. He was excused, and his testimony at the preliminary examination, or a portion of it, was then proved and admitted in evidence. After an intermission, Mahan consented to testify, and again voluntarily told the whole story of the larceny. Defendant complains because Mahan's testimony given at the preliminary examination was read in evidence.

When Mahan declined to testify, he was no more available to the state as a witness than he would have been if he were dead or beyond the seas. That Mahan's former testimony was then admissible is well demonstrated in the case of *State v. McClellan,* 79 Kan. 11, 98 Pac. 209, cited by defendant. In that case, the question was whether reasonable diligence to produce the witness had been exercised. In this instance, production of the witness was just as fruitless as if impossibility to produce him had been proved. (*State v. Stewart,* 85 Kan. 404, 414, 116 Pac. 489.) Defendant criticizes the Stewart case, but it was well decided.

Defendant also complains because Mahan was finally permitted to testify. Since Mahan was present, and manifested in open court

his willingness to testify, it was entirely proper he should do so. Besides that, there may be some question whether the state was not then obliged to use him as a witness.

In an instruction to the jury, the court defined the term "accomplice," and then said: "Whether or not a person is an accomplice is a question of fact to be determined by the jury."

Defendant complains of this instruction. Unless the facts establishing complicity are admitted by a defendant, or are otherwise beyond dispute, the question is necessarily one to be determined by the jury from the evidence. In this instance, what prejudice defendant may have suffered from the giving of the instruction is not disclosed.

Defendant complains of the following instruction given the jury:

"You are instructed that the testimony of an accomplice in any case is competent evidence, and the credibility of such accomplice is for the jury to pass upon as it does upon that of any other witness; and, while the testimony of an accomplice will sustain a conviction when uncorroborated, yet the same should be received with great caution. If, however, the testimony carries conviction, and the jury is convinced of its truth, it should give to such testimony the same effect as would be allowed to that of a witness who is in no respect implicated in the crime."

This court, in stating the law, on some occasion said the testimony of an accomplice "should be received with great caution and scrutinized with great care." District courts have used the statement as an instruction to juries. The first part of the statement referred to the trial court, which controls the receiving and rejecting of evidence. The latter part referred to the jury, which scrutinizes evidence received. When the statement is used as an instruction, it is all addressed to the jury, and is somewhat tautological. In this instance, the jury was told in effect the testimony of an accomplice should be accepted by the jury with great caution. Great caution could scarcely be exercised without scrutiny with great care. Besides that, no improvement of the instruction was suggested to the district court, and no objection was made to the instruction as given.

The judgment of the district court is affirmed.