**UNITED STATES v. STEFFEN et al.**
Crim. Nos. 32883, 32986.

United States District Court
N. D. California, S. D.
Oct. 18, 1951.

Macklin Fleming, Asst. U. S. Atty., Walter M. Campbell, Jr., Regional Counsel, Penal Division, Bureau of Internal Revenue, San Francisco, Cal., for plaintiff.

George T. Davis and Kenyon Keller, San Francisco, Cal., for defendant Paul J. Steffen.

James E. Burns, Victor Barlogio, and Edwin V. McKenzie, all of San Francisco, Cal., for defendant Richard M. Siegel.

Leslie C. Gillen, San Francisco, Cal., for defendant Harold K. Lipset.

Leo Friedman, Long Beach, Cal., for defendants William E. Ferriter, James C. Purcell and Louise Koppe.

William Ferdon, San Francisco, Cal., for defendant James M. MacInnis.

Wayne M. Collins, San Francisco, Cal., for defendant Vincent Hallinan.

Frank J. Mahoney, San Francisco, Cal., for defendant Louise Haller.

GOODMAN, District Judge.

The witness Archer Zamlock has claimed the privilege to refuse to answer certain questions upon the ground that his answers might tend to incriminate him or degrade him. The privilege claimed is personal and may only be advantaged by the witness himself. Whether it is allowable is for the court to say. The court's decision must be based upon the circumstances and depends upon the reality of danger to the witness.

In the present state of the record I am satisfied that the danger of self incrimination is real and that the constitutional rights of the witness will be invaded by requiring him to testify as to the matters which the United States Attorney has indicated will be the subject of his interrogation.

However it is claimed by the government that the privilege of the witness has been waived because of his testimony on the subject matter in a criminal proceeding in this court in which he was a defendant and in which the charge was entirely different from those alleged in the indictments in these consolidated cases.

Generally speaking, the privilege or right guaranteed by the Constitution may be waived either specifically, i. e., by word of mouth or in writing, or by some act amounting to waiver. In the latter event the act alleged to constitute the waiver must be carefully appraised and any doubt must be resolved against the waiver. A waiver must not be lightly inferred.[1] There are many federal cases in which a witness at different stages of the same proceeding, has sought, after giving some testimony, to

---

1. Smith v. United States, 1949, 337 U.S. 137, 69 S.Ct. 1000, 93 L.Ed. 1264; Mr. Justice Black dissenting in Rogers v. United States, 1951, 340 U.S. 367, 375, 71 S.Ct. 438, 95 L.Ed. 344; Wood v. United States, 1942, 75 U.S.App.D.C. 274, 128 F.2d 265; Myrick v. United States, 1 Cir., 1915, 219 F. 1.

claim the privilege.[2] But our present research does not disclose any federal case in which, as here, it was claimed that the privilege was waived by testimony given in another case involving a different criminal charge and different defendants. The question is a close one and indeed not at all free from doubt. But it appears to be an almost general rule referred to in the text books[3] and ruled upon in a large number of state court decisions[4] that the privilege is not waived by testimony given in a previous independent proceeding, even in the same case. The reason for this rule is stated to be: "A person who is entitled to the benefit of the constitutional provisions is so entitled in each new and independent proceeding; otherwise he would subject himself to a new cross-examination and be required under new and changed conditions to give testimony that may not have been anticipated or intended in subjecting himself to examination as a witness in a prior and different proceeding." People v. Cassidy, 1915, 213 N.Y. 338, 107 N.E. 713, 715.

I am of the opinion that the alleged circumstances of waiver are equivocal. The circumstances and setting of the two cases are different. The extent of examination and cross examination here is uncertain. The mere repetition under oath of the same facts might tend to incriminate. A waiver to be effective must be certain and unequivocal and that is not the case here. Hence I hold that the witness Archer Zamlock is justified in asserting the privilege here and he need not testify on the subject matter indicated by the United States Attorney.

2. Rogers v. United States, 1951, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344; United States v. St. Pierre, 2 Cir., 1942, 132 F. 2d 837; McCarthy v. Arndstein, 1923, 262 U.S. 355, 43 S.Ct. 562, 67 L.Ed. 1023.

3. 58 Am.Jur. § 99 (1948); 8 Wigmore on Evidence, § 2276(4) (3rd Ed. 1940); Annotation, Ann.Cas.1916C, 1012; 70 Corpus Juris, § 912 (1935); 6 Jones Commentaries on Evidence, § 2493 (2d Ed. 1926).

4. Apodaca v. Viramontes, 1949, 53 N.M. 514, 212 P.2d 425, 431, 13 A.L.R.2d 1427; Burdy v. Conroy, 1944, 182 N.Y.Misc. 476, 48 N.Y.S.2d 871; Duckworth v. District Court, 1936, 220 Iowa 1350, 264 N.W. 715; In re Sales, 1st Dist. 1933, 134 Cal. App. 54, 24 P.2d 916; In re Berman, 2d Dist. 1930, 105 Cal.App. 37, 287 P. 125; Overend v. Superior Court, 1900, 131 Cal. 280, 63 P. 372; People v. Cassidy, 1915, 213 N.Y. 338, 107 N.E. 713; In re Mark, 1906, 146 Mich. 714, 110 N.W. 61; Emery v. State, 1899, 101 Wis. 627, 78 N.W. 145; Miskimmins v. Shaver, 1899, 8 Wyo. 392, 58 P. 411, 49 L.R.A. 831; Samuel v. People, 1896, 164 Ill. 379, 45 N.E. 728; Temple v. Commonwealth, 1881, 75 Va. 892; Cullen v. Commonwealth, 1873, 24 Grat. 624, 65 Va. 624.