UNITED STATES v. COHEN.

No. 32996.

United States District Court
N. D. California, S. D.

Jan. 21, 1952.

Chauncey Tramutolo, U. S. Atty., and Macklin Fleming, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Leo R. Friedman, San Francisco, Cal., for defendant.

ROCHE, Chief Judge.

The defendant stands indicted for contempt of a committee of the United States Senate, in violation of Section 192 of Title 2 of the United States Code.

The indictment, which contains 19 counts, results from certain proceedings had in San Francisco, California, on March 2, 1951, during a hearing conducted by a Subcommittee of the Senate Committee to Investigate Organized Crime in Interstate Commerce. The first 18 counts charge the defendant with having wilfully refused to answer separate and distinct questions put to him by the Senate committee at that time and place. The 19th count charges him with having wilfully refused to produce his books and records for the committee in response to its summons.

At the time of the committee's hearing the defendant, having been advised by counsel, asserted his constitutional right against self-incrimination as the ground upon which he refused to answer the said questions or to produce his books.

In the instant prosecution the defendant has relied on his constitutional right against self-incrimination as his primary defense.

The Fifth Amendment of the United States Constitution provides that: "No person * * * shall be compelled in any criminal case to be a witness against himself * * *."

The immediate issue to be determined by the court is whether or not the defendant rightfully exercised this constitutional privilege at the time of the committee hearing.

The testimony in the record discloses that each of the 18 questions was directed to a single subject of inquiry, namely, the defendant's business or his source of income. The books and records which he refused to produce were likewise concerned with this same subject-matter.

The testimony in the record also discloses that the defendant's refusal to give direct answers to the questions and his refusal to produce his books and papers were continuous acts which took place during the hearing.

In this trial the defendant has submitted oral and documentary evidence which allegedly shows that the answers to the questions and the production of his books would have tended to incriminate him of certain federal crimes. Foremost among such federal crimes for which he alleges a reasonable fear of prosecution are those of income tax evasion and conspiracy to evade the anti-trust laws.

The law is clear that the privilege afforded by the Fifth Amendment extends not only to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; Blau v. United States, 340 U.S. 159, 71 S.Ct. 223, 95 L.Ed. 170.

Upon a full consideration of the nature of the questions asked and the books summoned and in light of the defendant's showing of the surrounding circumstances, it is impossible for the court to conclude that the defendant could have responded as he was directed with impunity. It is the conclusion of the court that the evidence presented shows that the defendant had a reasonable fear that he might be prosecuted for a federal crime if he answered the questions or produced his books.

Limiting itself solely to the issue presented in this action, the Court finds that the defendant did not waive his constitutional privilege against self-incrimination at the committee hearing and that the defendant rightfully exercised such constitutional privilege. In view of these findings, it is unnecessary for the Court to consider any of the other defenses presented. It is therefore

Ordered that the defendant's motion for judgment of acquittal be and the same hereby is granted.