**UNITED STATES v. PECHART et al.**
**Crim. Nos. 32887, 32889.**

United States District Court
N. D. California, S. D.
Jan. 29, 1952.

418

Chauncey Tramutolo, U. S. Atty., Macklin Fleming, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Harold C. Faulkner, San Francisco, Cal., for defendants.

GOODMAN, District Judge.

The motion before the Court is for a judgment of acquittal involving the indictments against the defendants Pechart and Kessel, Nos. 32887 and 32889 respectively, on the criminal side of the Court. The charge is that the defendants failed to answer pertinent questions put to them by a Committee of the United States Senate, the Special Committee to Investigate Organized Crime in Interstate Commerce.

The Court has no particular doubt as to the principles of law involved. The Fifth Amendment to the Constitution, of course, as we all know, provides that no person shall be compelled to be a witness against himself. The Supreme Court and subordinate Federal Courts have adjudicated many cases where the constitutional provision has been invoked. There is no doubt that a witness has a right to claim his constitutional privilege provided that his claim is made in good faith and that there is a reality of danger of incrimination present. Further, the incrimination

must be with respect to a Federal offense or violation of Federal law.[1]

Whether or not the exercise of this privilege is proper is, of course, a matter for the Court to say. The Court's decision has to be based upon the setting and the circumstances in which the questions are propounded to the witness when the privilege is sought to be exercised; and therefore it becomes, as against the background of the law, a question of fact in each case.

That is the situation here. The question is: against the background or the setting in which the Committee of the United States Senate conducted its hearings and the circumstances pertinent thereto, was there proper exercise of the privilege bestowed by the Fifth Amendment to the Constitution of the United States? That, I think, is purely a factual matter.

I have examined the record, the proceedings before the Committee, and the exhibits which are a part of that record and I have considered the testimony given by the witness Robinson and the other records that have been introduced here. From the record as produced before the Committee, including the newspaper accounts of the statements of the purposes and objectives of the members of the Committee which were called to their attention at the time of the hearing and made exhibits in the case, and from the attitude of the members of the Committee, there could have been no reasonable doubt in the minds of the two defendants that they had not been invited to a tea or cocktail party by the Senate Committee. It is conceded in the record that the defendants were men engaged in gambling and other related so-called racketeering activities. Because of that fact, are they to be deprived of the right to exercise their constitutional privileges?

Preliminarily to a decision on the fact, I think it may be pertinent and appropriate to state that if the constitutional privilege becomes unavailing to a person because of his occupation, it is but a short step to make it unavailing to a man because he is a Republican or a Democrat, or a Catholic or a Jew. The privilege is one that is exercisable by any person provided that the facts and circumstances warrant its exercise.

I quote from two statements that were made by a United States Senator in the course of these hearings at a time when the Committee was examining the defendant Kessel concerning a statement which had been prepared for him by his attorney, and which he was reading or which he had read, in which he attempted to assert his constitutional privilege. During the course of that examination one of the United States Senators who was a member of the Committee stated to the witness, "Well, he has lied to us, what he has done. He has broken his oath he took a few moments ago. Why in hell didn't you come through clean? Before we get through with you you will wish you had. I am damn sick of that kind of hypocrisy."

Now, that statement could certainly not have put the defendants in a frame of mind where they felt that they were being questioned in an atmosphere of dignity and of impartiality appropriate to accomplishing the laudable purposes of a very important committee of the United States Senate.

Again I quote from a passage from this record in which a United States Senator said during the course of the same examination of the witness concerning the manner in which the statement, that I have referred to, was prepared. He said, and I quote: "I should say to you as a member of this Committee I don't know yet when we will get through. We mean to examine you at length; ask you very pertinent questions, and you realize the penalty of breaking faith with this Committee and perjuring yourself. It means a prison sentence beyond a question. You realize that. Now

[1]. Recently it has been held that the privilege is not confined to federal offenses, when a Congressional Committee is authorized to and conducts inquiries concerning state offenses. United States v. Di Carlo, D.C.N.D.Ohio 1952, 102 F. Supp. 597.

I say to you that so far as this Committee is concerned, no matter what the questions are, that you answer them truthfully, so help you God, or the consequences will be on you and this Committee will take action so quickly you won't know what happened to you."

Against the background of this examination and considering the whole record, I haven't, as a Judge sitting in review of this record, the faintest doubt that there was a reality of danger to the defendants in this case in answering the questions that might be propounded to them. In fact, I think that this case is much clearer with respect to that circumstance than any of the cases that have been cited to me.[1a]

■ The case of the United States against Hoffman,[2] which has been cited, and the Blau case[3] which has also been cited, are full authority for holding that the questions propounded here cannot be considered separately; that there is no basis for taking one question out of the particular group of questions that are here involved and separating it and holding that there might have been contemptuous action in failing and refusing to answer a particular question.

I think that matter is disposed of in the decision of the Supreme Court in the Hoffman case and that these questions must be viewed as a whole. Taking the whole record in this case, it is the conclusion of the Court that there was a right to exercise the privilege of refusing to answer on the ground that these defendants might have incriminated themselves with respect to Federal offenses.

■ The attention of the Court has been called to the decision of the United States District Court for the District of Nevada[4] last month, a case in which these defendants, as witnesses there, were questioned by the Court. I have ruled that that record is not pertinent here and that it is not precedent here. The reason for the ruling is that in the case in Nevada the defendants were there being questioned thirteen months after the hearing before the Committee, with which we are here concerned, and that the defendants there apparently preferred to take the chance of incriminating themselves rather than suffer the immediate imprisonment that appeared to be imminent.

Furthermore, the case is not precedentially of any value to us because the matter of the exercise of privilege may be different in given circumstances, at a different time, and in a different forum and where different issues are present. Every case where the exercise of the privilege against self-incrimination is sought to be availed of must be determined with respect to the facts and circumstances of that particular case. That is equally true in cases where it is sought to claim that the privilege against self-incrimination may have been waived at another time and place. The authorities that support that rule equally support the position the Court takes in this case. I refer to a memorandum which the Court filed in connection with that matter in the case of the United States against Steffen[5] wherein the question of the exercise of the privilege by a witness by the name of Zamlock was involved. Those authorities I believe are equally applicable and a fortiori stronger here than in a case where it was sought to claim that the privilege had been waived.

■■ It is the conclusion of the Court that, on the record as it stands in this case, not only have the defendants sustained the burden of proof which may be upon them under the authorities, but that the record overwhelmingly shows that this is a proper case for the exercise of the privilege. Consequently, the motions for judgment of acquittal as to each of the defendants will be granted.

---

1a. See U. S. v. Cohen, D.C.N.D.Cal., 101 F.Supp. 906.

2. Hoffman v. U. S., 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118.

3. Blau v. U. S., 340 U.S. 159, 71 S.Ct. 223, 95 L.Ed. 170.

4. U. S. v. Remmer, D.C., D. of Nevada.*
    * No opinion for publication.

5. U. S. v. Steffen et al., D.C.1951, 103 F.Supp. 415.