**UNITED STATES v. MALONE et al.**

No. 33157.

United States District Court

N. D. California, S. D.

Feb. 27, 1953.

Chauncey Tramutolo, U. S. Atty., San Francisco, Cal., Irving Goldstein, Sp. Asst. to Atty. Gen., San Francisco, Cal., for the United States.

James E. Burns, San Francisco, Cal., for defendant John A. Malone.

Leo R. Friedman, San Francisco, Cal., for defendant Eleanor F. Dana.

GOODMAN, District Judge.

At the trial of this cause, one Edwin M. Furtado was called as a witness by the United States. The Government propounded a series of questions to him, each of which he refused to answer upon the ground that his answers would be self incriminatory. The question presented is whether or not the court should approve the exercise of the privilege by the witness or order him to testify.

A consideration of the circumstances and setting, in which the exercise of the privilege was asserted by the witness, as well as applicable principles of law, is essential for the resolution of this question.

Prior to February 13, 1952, the United States Grand Jury for this District was engaged in the investigation of the activities of certain members of the Internal Revenue Bureau for the purpose of determining whether or not offenses against the statutes of the United States had been committed. Edwin M. Furtado gave evidence before the Grand Jury regarding his participation with the defendants Malone and Dana in acts which the Grand Jury regarded as constituting an offense under 18 U.S.C. § 371. Thereafter, and on February 13, 1952, the Grand Jury returned an indict-

ment naming Malone and Dana as defendants and Edwin M. Furtado as a co-conspirator, but not as a defendant, in a conspiracy to defraud the United States of penalties due the United States in connection with certain Retail Dealers Excise Tax Returns.

Undoubtedly the indictment was so framed, i. e. it named Malone and Dana as defendants and Furtado as a co-conspirator, in order that the government might use Furtado as a witness against the defendants Malone and Dana. Had Furtado been named as a defendant he would not, of course, have been available to the government as a witness.

At the trial, the government propounded to Furtado a series of questions, in substance akin to the questions asked of him before the Grand Jury. Furtado refused to answer each one of the questions upon the ground that his answers would tend to incriminate him. It is beyond question that Furtado would incriminate himself if he answered the questions propounded by the government. His answers would unquestionably have furnished evidence against himself upon a charge of violation of Federal criminal statutes. Indeed, the fact that he is named as a co-conspirator in the indictment is in itself sufficient basis to sustain his refusal to answer the questions.

■ The refusal of the witness to answer necessarily proved a disappointment to the prosecuting attorney. Such disappointment is understandable. But it could not provide a lawful basis for depriving Furtado of his constitutional privilege. Nor can the fact that the witness is a convicted felon serving a long sentence in a federal prison, be considered. For he has the same constitutional right as any one else. U. S. v. Pechart, D.C.N.D.Calif.1952, 103 F.Supp. 417. I therefore hold that the witness is justified in refusing to answer the questions propounded to him, upon the ground that he asserts, namely, that the answers would tend to incriminate him.[1]

The government contends, however, that Furtado has waived his right to assert his constitutional privilege because he testified on the same subject matter before the United States Grand Jury, which returned the indictment in this case, and also because of his previous testimony in another case in this court, U. S. v. Benatar. It is not contended that the witness, by any statement or words on his part, waived the right to assert the constitutional privilege. It is claimed by the government, however, that his testimony before the Grand Jury and in the Benatar case constitutes a waiver.

■ The government's contention, that Furtado waived the privilege by testifying on the same subject in U. S. v. Benatar, a separate and independent criminal proceeding, is disposed of adversely to the government by my decision in U. S. v. Steffen, D.C.1951, 103 F.Supp. 415.

Whether Furtado waived his privilege by his testimony before the Grand Jury which indicted the defendants Dana and Malone presents a new and somewhat different problem. It is a question that is not free from doubt. There does not appear to be any federal case in which the privilege against self incrimination was claimed to have been waived by testimony given in a different proceeding, such as a grand jury hearing or investigation. In the recent case of Marcello v. U. S., 5 Cir., 1952, 196 F.2d 437, it was held that the privilege of a witness before a Senate Committee investigating organized crime, to refuse to answer concerning an alleged gambling place, was not waived because the witness had theretofore answered the same questions before a special agent of the Federal Bureau of Investigation.

■■ In the text books and in a large number of state court decisions cited in U. S. v. Steffen, supra, it has been stated that the privilege against self incrimination is not waived by giving testimony in any previous independent proceeding even in the same case. Even assuming that the

---

1. Blau v. U. S., 340 U.S. 159, 71 S.Ct. 223, 95 L.Ed. 170; Hoffman v. U. S., 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; Alexander v. U. S., 9 Cir., 181 F.2d 480; U. S. v. Steffen, D.C., 103 F.Supp. 415.

Grand Jury proceeding in which the witness testified may be considered to be a proceeding in this case, it was an independent proceeding. In certain of the state cases cited in footnote 2 of U. S. v. Steffen, supra, it was specifically held that a witness by testifying before a grand jury did not waive his privilege to decline to answer questions on the ground of self incrimination at a subsequent trial upon an indictment predicated upon the testimony given before the Grand Jury.[2]

There is good reason for applying this rule in this case. The setting and circumstances of the two proceedings in this case are different. In one proceeding a grand jury is conducting an investigation to determine whether or not offenses against the laws of the United States have been committed. In the other, the instant proceeding, defendants are on trial upon an indictment in which the witness is not named as a defendant but as a co-conspirator.

The extent of the examination and cross examination to which the witness might be subjected, if he were compelled to testify here, is uncertain. The court has not the omnipotence to know in advance where the questions and answers will lead. Undetermined and undefined fields of inquiry, beyond those touched upon at the Grand Jury investigation, may be entered. The court could not circumscribe the cross examination, other than to keep it within the general scope of the direct examination.

As well, the mere repetition under oath of the same identical facts would tend to incriminate. To ask a witness to say the same thing twice, that is, to say the same thing here that he may have said before the Grand Jury, is itself incriminatory in character. The repetition adds to the incrimination. It adds to the weight of the evidence which the government might present if he were subsequently tried upon a criminal offense.

I conclude therefore that the witness has properly asserted his privilege to refuse to answer the questions propounded to him by the government and that by his testimony in the Grand Jury proceedings referred to and in the case of U. S. v. Benatar, he has not waived his right to assert such privilege.

2. In re Sales, 1st Dist.1933, 134 Cal.App. 54, 24 P.2d 916; Duckworth v. Dist. Court, 1936, 220 Iowa 1350; 264 N.W. 715. Apodaca v. Viramontes, 1949, 53 N.M. 514, 212 P.2d 425, 431, 13 A.L.R.2d 1427; Temple v. Commonwealth, 1881, 75 Va. 892.