Argued June 6, reversed and remanded June 21, 1967

## STATE OF OREGON, *Respondent, v.*
## JERRY LEE RAWLS, *Appellant.*

429 P. 2d 574

*Oscar D. Howlett,* Portland, argued the cause and filed briefs for appellant.

*Richard Crist,* Deputy District Attorney, Oregon

City, argued the cause for respondent. On the brief was Roger Rook, District Attorney, Oregon City.

SLOAN, J.

Defendant appeals from a jury conviction of second degree murder. There are two assignments of error that require reversal. The first is for the refusal of the trial court to give defendant's requested instruction on involuntary manslaughter. The court instructed on manslaughter and self-defense, but refused to give the requested instruction. The second error was the giving of an instruction that "the law conclusively presumes a malicious and guilty intent from the deliberate commission of an unlawful act for the purpose of injuring another."

■ Defendant was indicted with one Frazier for first degree murder. Both defendant and Frazier testified at the instant trial. Their somewhat conflicting and confusing testimony would have permitted the jury to find that the killing occurred during a fight that began as an innocent, perhaps alcoholic, scuffle and concluded with the unintentional death of the victim. The state's medical evidence was that the victim was killed by strangulation and that death by strangulation requires 4 or 5 minutes to be accomplished.

■ The state claims that this medical evidence establishes beyond doubt that death could only have been caused by an intentional act. This is the state's answer to both assignments of error. The difficulty is that the jury, as in *State v. Thomas*, 1965, 240 Or 181, 400 P2d

549, could have accepted or rejected all or a part of defendant's testimony, or the state's evidence, and could have decided that defendant was guilty of involuntary manslaughter, even though that probability may be slight.

The question to decide is little different from that in *State of Oregon v. Nodine,* 1953, 198 Or 679, 259 P2d 1056, where Mr. Justice LUSK, speaking for the court, stated:

"It is the rule in this jurisdiction, as elsewhere, that the court, when requested by defendant, must in its instructions cover every degree of homicide included in the indictment where the evidence and circumstances are such that different inferences or conclusions may properly be drawn therefrom as to the degree of the crime. And where the evidence is sufficient to raise a doubt, however slight, as to whether the homicide is one of two or more degrees the court must charge on all such degrees. State v. Wilson, supra, 182 Or 684, and cases there cited." 198 Or at p 688.

■ The *Nodine* case, id. at 690 et seq., along with *State v. Elliott,* 1963, 234 Or 522, 527, 383 P2d 382, and *State v. Jones,* 1963, 235 Or 538, 385 P2d 759, also explains why it was error to give the instruction on the conclusive presumption.

The case must be reversed and remanded for a new trial.