Argued February 5, affirmed February 26, 1969

## STATE OF OREGON, *Respondent, v.* JERRY LEE RAWLS, *Appellant.*

451 P. 2d 127

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Deputy District Attorney, Oregon City, argued the cause for respondent. With him on the brief was Roger Rook, District Attorney, Oregon City.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Rawls and Frazier were jointly indicted for murder. Separate trials were held, Frazier's being the first. He was convicted. On the subsequent trial of Rawls, Frazier testified, even though his case was on appeal and he could have claimed the privilege against self-incrimination. Rawls was convicted of second-degree murder and appealed to this court, which reversed and remanded the case for a new trial. *State v. Rawls,* 247 Or 328, 429 P2d 574 (1967). In the meantime, this court had affirmed Frazier's conviction and Frazier had then filed for a writ of habeas corpus in the United States District Court, where it was granted, and, in effect, the holding of this court was vitiated.

The district court decision was appealed and the Ninth Circuit Court of Appeals reversed. Certiorari in Frazier's case is pending in the United States Supreme Court.

On Rawls's second trial, Frazier was called as a witness for the prosecution. On advice of his counsel he refused to testify, claiming the privilege against self-incrimination. Oregon Constitution, Art I, § 12; U. S. Constitution, amend. V. His claim of the privilege was allowed and, over objection, all of Frazier's testimony in Rawls's first trial was read to the jury. Rawls was again convicted of second-degree murder and sentenced.

In this appeal, Rawls asserts that Frazier should have been required by the trial court, regardless of his claim of privilege, to testify. He claims that he was constitutionally entitled to be confronted by the witnesses. Oregon Constitution, Art I, § 11, U. S. Constitution, amend. VI. He also claims error in that after the claim of privilege was allowed, Frazier's former testimony was read to the jury. In this connection he cites ORS 41.900(8). Evidence may be given of:

> "(8) The testimony of a witness, deceased, or out of the state, or unable to testify, given in a former action, suit, or proceeding, or trial thereof, between the same parties, relating to the same matter."

This statute, he states, exclusively lists those situations in which former testimony may be used.

■ With reference to the first claim of error the weight of authority and the general rule often repeated in American jurisprudence is that by testifying at a preliminary hearing, before a coroner's jury, before a grand jury, or at a previous trial, a witness does not

waive his right to claim the privilege at a later trial. This general rule is repeated in varying forms in many cases and most of the works on evidence. *United States v. Miranti*, 253 F2d 135 (2d Cir 1958); *United States v. Malone*, 111 F Supp 37 (ND Cal 1953); *Bridges v. State*, 26 Ala App 1, 152 So 51, cert den 228 Ala 72, 152 So 54, and 292 US 633, 54 S Ct 718, 78 L ed 1487 (1933); *In re Sales*, 134 Cal App 54, 24 P2d 916 (1933); *Johnson v. People*, 152 Colo 586, 384 P2d 454 (1963); *Georgia Railroad Co. v. Lybrend*, 99 Ga 421, 27 SE 794 (1896); *Samuel v. The People*, 164 Ill 379, 45 NE 728 (1896); *State v. Reidie*, 142 Kan 290, 46 P2d 601 (1935); *People v. Pickett*, 339 Mich 294, 63 NW2d 681, 45 ALR 2d 1341, cert den 349 US 937, 75 S Ct 781, 99 L ed 1266 (1954); *State v. DeCola*, 33 NJ 335, 164 A2d 729 (1960); *People v. Cassidy*, 213 NY 388, 107 NE 713 (1915); *Exleton v. State*, 30 Okla Crim 224, 235 P 627 (1925); *Commonwealth v. Fisher*, 398 Pa 237, 157 A2d 207 (1960); *Cullen v. The Commonwealth*, 65 Va (24 Grattan) 624 (1873); *Rose v. The King*, 3 Crim R 277, 88 Can Crim Cas 114, [1947] 3 DLR 618—CA (Quebec); 58 Am Jur 82, Witnesses § 99; McCormick, Evidence 274, § 130 (1954); 3 Wharton, Criminal Evidence 37-38, § 730 (12 ed 1955); 8 Wigmore, Evidence 470-72, § 2276 (McNaughton rev ed 1961); Comment, 73 Dick L Rev 80 (1968).

When the privilege is claimed, the former testimony may be repeated or read to the court and jury. *Mason et al v. United States*, 4 Crim L Rptr 3099 (10th Cir February 4, 1969); *Bridges v. State, State v. Reidie, Exelton v. State, Rose v. The King, People v. Pickett, Johnson v. People*, supra, and *The State v. Stewart*, 85 Kan 404, 116 P 489, 493 (1911); 20 Am Jur 594, Evidence § 709. Most of these cases involved statutes much like ORS 41.900(8), quoted above. Like the

Oregon statute, they do not specifically provide that the previous testimony may be used where the privilege is claimed. Such statutes usually are declaratory of the common law. The Oregon statute was of this type and was adopted in 1862, immediately after statehood. General Laws of Oregon, § 696, p. 322 (Deady, 1845-1864).

> "* * * [I]f the evidence meets the common law requirements, it will usually come in even though the permissive provisions of the statute do not mention the particular common law doctrine which the evidence satisfies * * *." McCormick, Evidence 481, § 230 (1954).

Only two cases have come to the court's attention where the former testimony was excluded after the privilege was claimed. *People v. Lawrence,* 168 Cal App 2d 510, 336 P2d 189 (1959); *Commonwealth v. Turner,* 389 Pa 239, 133 A2d 187 (1957).

The Dickinson Law Review Comment cited above, published after the briefs were written in this case, discusses in detail questions involved here. It is critical of the general rules, contending that where the witness is called in a second trial, he should be forced to testify under threat of contempt. The writer's theory is that the waiver of privilege given in one trial should be construed as continuing into the next. McCormick, Evidence 274, § 130 (1954). What should be done if the witness chooses contempt instead of testifying is not discussed. Regardless, the majority and almost uniform rule is that the witness may avail himself of the privilege at a later trial, and several courts in the cases cited above have specifically rejected the contention that the waiver made at one trial should be construed as continuing into the next.

" 'The privilege belongs exclusively to the wit-

ness, who may take advantage of it or not at his pleasure. * * * If ordered to testify in a case where he is privileged, it is a matter exclusively between the court and the witness. The latter may stand out, and be committed for contempt, or he may submit; but the party has no right to interfere or complain of the error.'" *Samuel v. People,* 164 Ill 379, 387, 45 NE 728 (1896).

■ Defendant Rawls asserts that he has the right to be confronted by the witnesses, including Frazier. He had that opportunity at the first trial and his counsel cross-examined. The loss is that the jury in the second trial did not have an opportunity to note Frazier's demeanor on the witness stand. Largely to accomplish this purpose, ORS 136.530 provides that testimony shall be oral.

■ The right to oral testimony and confrontation with witnesses on the part of the defendant, and the right to the privilege against self-incrimination on the part of the witness, become, at least in some degree, inconsistent constitutional rights in this setting. If neither gives way to the other, justice itself is defeated, for available testimony is denied the court in its quest for truth. Should one give way to the other, and, if so, which? Interpretations of statutes such as ORS 41.900 (8), quoted above, attempt to meet this problem, while giving effect to the constitutional rights of both witness and party. This is done by interpreting the statute to mean not only exactly what it says, but also by ascribing to it the full common law meaning of which it was intended to be declaratory.[1] At common law

---

[1] "* * * The statute was intended to make the general rule, concerning the taking of depositions, inapplicable to criminal trials; but we cannot think it was designed to abrogate a doctrine so firmly established and generally applied as that of

the former testimony of a witness no longer available could be used. 5 Wigmore, Evidence 163-64, § 1409 (3d ed 1940). In *People v. Pickett*, supra, which is in point with the instant case on its facts, the court said:

> "Availability [of a witness] . . . must be broadly construed in the context in which it is found. This word does not mean physical presence alone, but is definitive of 'having sufficient force or efficacy for the object,' which object in this instance is the attainment of justice through the admission of the witness's former testimony." 339 Mich at 306.

In *State v. Stewart*, supra, also in point on the facts, where the court distinguished the availability of a witness from the availability of his testimony, it held that the availability statutes, such as ORS 41.900(8), which were declaratory of the common law, were aimed at the testimony and not the witness. To the same effect, see *Habig v. Bastian*, 117 Fla 864, 158 So 508 (1935) (in this Florida case, the court referred to the Oregon statute, now ORS 41.900(8) and said: "* * * such statutes have been said to be declaratory of the common law." 117 Fla at 869). *State v. Wilson*, 24

---

permitting the testimony of a witness given in the manner required by statute to be used by either the State or defense on a subsequent trial, when he has since died or is absent from the State. A strict construction of the language of the section would, perhaps, exclude such testimony; but it would also exclude the dying declarations of the deceased, which are everywhere admitted, on the ground of necessity. It is for the same reason that the testimony of a deceased or absent witness is admissible, and the technical language of the statute must give way to public policy and necessity. It is just as important for a defendant that the testimony of a witness in his behalf, given on a former trial, should be competent at a second trial, where the witness is dead or is without the reach of process, as it is for the State, and the statute should, we think, be so interpreted as to protect and preserve the rights of both." State v. Walton, 53 Or 557, 565, 99 P 431, 101 P 389, 102 P 173 (1909).

Kan 189 (1880); McCormick, Evidence 495, § 234 (1954).

■ The recent cases of *Whitehead v. State,* 4 Crim L Rptr 2294 (Tex Ct Crim App, December 18, 1968); *People v. Berger,* 258 Cal App 2d 622, 66 Cal Rptr 213 (1968); *Barber v. Page,* 390 US 719, 88 S Ct 1318, 20 L ed 2d 255 (1967); and *Mason et al v. United States,* supra, illustrate that the right of confrontation is not violated where the oral testimony of the witness is in fact unavailable and his "* * * testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant" is used. "* * * This exception has been explained as arising from necessity and has been justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement. See 5 Wigmore, Evidence, §§ 1395-1396, 1402 (3d ed 1940); C. McCormick, Evidence §§ 231, 235 (1954)." *Barber v. Page,* supra, 390 US at 722. This language was quoted by the Tenth Circuit Court of Appeals in *Mason et al v. United States,* supra, in a case exactly in point with the case at bar.② The circuit court of appeals stated that the test is "whether the *testimony* of the witness is available, and not whether the witness's body is available."

We are satisfied there was no error in the case at bar.

Judgment affirmed.

---

② In this case a federal statute granting the witness immunity against prosecution if the witness will testify was invoked by the prosecutor. When the witnesses persisted in claiming the privilege in spite of the immunity thus granted, they were held in contempt, and their former testimony was read to the jury. The use of the immunity statute does not prevent the case from being in point. For a similar statute used in a similar situation, see People v. Cassidy, 213 NY 388, 107 NE 713 (1915).