395 So.2d 678 (1981)
STATE of Louisiana
v.
Patricia J. KNOWLES.
No. 80-K-1766.
Supreme Court of Louisiana.
March 2, 1981.
*679 Diehlmann C. Bernhardt, Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Lavalle Salomon, Asst. Dist. Attys., for plaintiff-respondents.
WATSON, Justice.[*]
This matter involves the privilege against self-incrimination guaranteed in the Fifth Amendment to the United States Constitution[1] and Article 1, Section 16, of the Louisiana Constitution of 1974.[2] The trial court convicted defendant, Patricia J. Knowles, of contempt of court when she claimed that privilege, and a writ was granted to review the judgment.[3]
Defendant's sister, Sherri Littleton, pled guilty to negligent homicide in connection with the fatal shooting of her husband. Patricia Knowles later implicated herself in the killing and was indicted for first degree murder and conspiracy to commit murder. She was acquitted of the murder charge after taking the stand in her own defense at trial.
Subsequently, Littleton was tried for perjury and the State subpoenaed Knowles as a witness. Knowles invoked the Fifth Amendment. The State indicated that it intended to ask the same questions which she had answered at her murder trial. The trial court ordered her to testify and convicted her of contempt of court when she refused, ruling that she could not assert the *680 privilege after her prior waiver. The conspiracy to murder charge was still pending against Knowles. That indictment was later quashed because of her acquittal on the murder charge arising from the same facts. See State v. Knowles; writ granted, 389 So.2d 393 (La., 1980); ruling reversed, 392 So.2d 651 (La., 1980).
The federal privilege against self-incrimination was made applicable to the states in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). It protects a witness as fully as a defendant. State v. Doran, 215 La. 151, 39 So.2d 894 (1949). When a witness refuses to testify on Fifth Amendment grounds, a contempt citation is only justified when it is clear there is no possibility of self-incrimination. Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); United States v. Yurasovich, 580 F.2d 1212 (3 Cir. 1978).
Knowles had been acquitted of first degree murder but was still facing prosecution for conspiracy to commit murder. The subsequent quashing of that indictment is irrelevant to the threat of incrimination facing defendant at the time of this trial.
The State's assurance that it would ask the same questions Knowles had answered at her murder trial did not insure that the answers would not incriminate. Repetition under oath of the same facts might have added weight to the government's evidence at a subsequent trial. United States v. Malone, 111 F.Supp. 37 (1953); United States v. Steffen, 103 F.Supp. 415 (1951); United States v. Miranti, 253 F.2d 135 (2 Cir. 1958). If Knowles had refused to testify at a later trial, the transcript from this proceeding would have been admissible evidence. State v. Dotch, 298 So.2d 742 (La., 1974); State v. Ghoram, 328 So.2d 91 (La., 1976). See also LSA-C.Cr.P. art. 295.
Even if the State had limited its questions to those asked at the prior trial, Knowles would have been subject to cross-examination on the entire case by her sister's counsel. United States v. Wilcox, 450 F.2d 1131 (5 Cir. 1971); LSA-R.S. 15:280. Further admissions might have been obtained under cross-examination.
One can waive silence at one trial and assert the right as to same matter in a subsequent trial. In Re Neff, 206 F.2d 149 (3 Cir. 1953).[4]
Since Knowles had not waived her right to claim the privilege at a later proceeding and her answers to the State's questions might have been incriminating, her conviction and sentence must be reversed.
REVERSED.
NOTES
[*] Judges Frederick Stephen Ellis, Luther F. Cole, and J. Louis Watkins, Jr., of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Watson and Lemmon.
[1] U.S.C.A.Const. Amend. 5 provides in pertinent part that:

"No person ... shall be compelled in any criminal case to be a witness against himself,..."
[2] LSA-Const. Art. 1 § 16 provides in pertinent part that:

"... No person shall be compelled to give evidence against himself...."
[3] The sentence was five months in jail plus $500, or 30 days in jail.
[4] See e. g., United States v. James, 609 F.2d 36 (2 Cir. 1979) [unindicted co-conspirator called as government witness, had not waived his privilege by making statements to the FBI and grand jury in unrelated case]; United States v. Licavoli, 604 F.2d 613 (9 Cir. 1979) [voluntary testimony before a grand jury does not waive the privilege at trial; United States v. Yurasovich, supra [guilty plea to two of four counts in indictment did not amount to a waiver with respect to testimony sought against an accomplice in a subsequent proceeding]; United States v. Cain, 544 F.2d 1113 (1 Cir. 1976) [submission to deposition in proceeding against co-defendant was not waiver of witness' privilege as to testimony in later trial]; United States v. Johnson, 488 F.2d 1206 (1 Cir. 1973) and United States v. Ward, 314 F.Supp. 261 (E.D.La., N.O.Div.,1970) [witness' guilty plea and disclosures at hearing to establish basis of plea did not waive his right to claim privilege at co-defendant's trial where he remained subject to prosecution on state and federal offenses stemming from the same set of circumstances]. See also Ottomano v. United States, 468 F.2d 269 (1 Cir. 1972) [witness previously convicted on same indictment could claim privilege in trial of co-defendant where witness had motion to vacate sentence pending]; United States v. Goodman, 289 F.2d 256 (4 Cir. 1961) [prior disclosure to investigatory officials is not a waiver of the privilege with respect to the same matter in a subsequent proceeding]; United States v. Seavers, 472 F.2d 607 (6 Cir. 1973) and Krogmann v. United States, 225 F.2d 220 (6 Cir. 1955) [a guilty plea waives the privilege with respect to the offenses, but is not a blanket waiver with respect to other charges which might later be brought against the witness].