PLEAU, Plaintiff in error, vs. THE STATE, Defendant in error.

*June 10—July 12, 1949.*

For the plaintiff in error there was a brief by *Martin, Clifford, Dilweg, Warne & Duffy* of Green Bay, and oral argument by *Lloyd C. Warne.*

For the defendant in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Robert J. Parins,* district attorney of Brown county, and oral argument by *Mr. Platz.*

HUGHES, J.    Two errors are assigned,—one, the admission into evidence of the testimony of Russell given at the preliminary examination, and, second, the improper argument of the district attorney.

We are of the opinion that the combination of both constituted prejudicial error which requires a new trial.    We feel constrained to point out to the trial court that it was its duty to have impressed upon the witness Russell that the court would

compel him to testify and that he would be punished for contempt if he refused. We are also of the opinion that the court had the duty of dealing more stringently with defense counsel who by his conduct encouraged the witness to refuse to testify.

However, these matters cannot be charged to Pleau himself, who is entitled to a fair trial upon proper evidence. Counsel for the state argues at length that because of the statute (sec. 325.31) making available the testimony of a deceased witness or a witness absent from the state, taken in any action or proceeding where the party against whom it is offered should have an opportunity to cross-examine the witness and where the issue upon which it is offered is substantially the same as the one upon which it is taken, and because of the common law to the same effect—that under the circumstances of this case it was proper for the trial court to permit the district attorney to read the testimony of Russell given at the preliminary examination. There is no question that the state had the right to use the testimony of Russell given at the preliminary for impeachment purposes. This, however, does not authorize the substitution by reading of that testimony for the testimony of the witness who was present in court. In determining Pleau's guilt or innocence the jury had the right to hear from the lips of the witnesses available the testimony which they proposed to give. Where a witness for the state becomes hostile and refuses voluntarily to give the testimony which he is capable of, it places a hardship upon the prosecution. This, however, does not justify disregard of the rights of the defendant in order to overcome the state's difficulty. The trial court had the duty and the facilities to compel Russell to testify.

The trial court in its instructions did attempt to overcome the prejudicial effect of the improper argument made by the district attorney. However, it is apparent that its first admonition to the prosecutor was not sufficiently forceful to deter him from a second abuse, and it is reasonable to assume that it may not have sufficiently impressed the jury that the conduct

of the district attorney was improper and his remark was to be disregarded.

The two improper statements of the attorney for the state and the admission of the evidence from the preliminary examination constitute prejudicial errors which require reversal of the conviction.

*By the Court.*—Judgment reversed and cause remanded for a new trial. The warden of the state prison is directed to remand the plaintiff in error to the sheriff of Brown county who is directed to hold him in custody until the further order of the municipal court of Brown county.