[No. 35147.   Department Two.   May 12, 1960.]

EDMUND REECE PRIMM, *Respondent*, v. EUGENE R. WOCKNER et al., *Appellants*.[1]

[1]Reported in 351 P. (2d) 933.

*Yothers & Luckerath,* for appellants.

*Reseburg, Ingman, Duncan & Therriault,* for respondent.

PER CURIAM. —Plaintiff secured a judgment for six hundred dollars as damages for a breach of the warranty that the automobile sold to him by the defendants was a new car. The defendants appeal.

The facts control the determination of this case. We find no substance in any of the five assignments of error; and they merit but brief consideration.

Assignment of error No. 2: The contract, in writing, between the parties called for a new automobile. Contrary to defendants' contention, there was no variation of the terms of the written agreement by parol evidence. It was the defendants who were trying to prove by parol that the contract did not mean "new car" when it said "new car."

Assignment of error No. 1: The defendants' claim, that there had been a waiver of the warranty by the plaintiff, was not established; and the cases cited in support of that position, *i.e., Maltbie v. Gadd* (1918), 101 Wash. 483, 172 Pac. 557; *McCaw v. Advance - Rumely Thresher Co.* (1930), 158 Wash. 533, 291 Pac. 319; *Bonded Adjustment Co. v. Anderson* (1936), 186 Wash. 226, 57 P. (2d) 1046, 106 A. L. R. 166, and *Keylon v. Inch* (1934), 178 Wash. 522, 35 P. (2d) 73, are not apposite.

In each of these four cases we approved the judgment entered by the trial court, because a waiver of a warranty or an estoppel to assert a fraud had been established as a fact. In the *Keylon* case, the trial court had dismissed an action for fraud because the plaintiff, after knowledge of the claimed fraud for a two-year period, made a settlement whereby the defendant cancelled and returned a note and mortgage to the plaintiff who, in turn, quit-claimed to the

defendant his interest in the property claimed to have been fraudulently misrepresented. It was held that under such circumstances the plaintiff was estopped to assert fraud and recover damages.

In the other three cases, each of the respondents had recovered a judgment against the appellant for the purchase price of equipment sold to the appellant; and, in each case the appellant had interposed the defense of breach of warranty or fraud. We affirmed the trial court in each case, because the evidence established that the appellants, after notice of the breach of warranty or the fraud as the case might be, had entered into an agreement whereby they had assumed new and different obligations, and had, in consequence, either waived the warranty or estopped themselves to urge the fraud.

We have held that the intent to waive a right under a contract "is a question of fact, and must be made clearly to appear." *Hopkins v. Northwestern Nat. Life Ins. Co.* (1906), 41 Wash. 592, 83 Pac. 1019. See *Vinneau v. Goede* (1957), 50 Wn. (2d) 39, 309 P. (2d) 376; *Lawson v. Helmich* (1944), 20 Wn. (2d) 167, 146 P. (2d) 537, 151 A. L. R. 930.

In the present case, the trial court specifically found that there was no new agreement and no conduct indicating an intent to waive the breach of warranty.

Assignment of error No. 3: The trial court's finding that the actual fair market value of the automobile in February, 1955, when it was purchased by the plaintiff, was two thousand eight hundred and ninety dollars (considering the fact that it was not new and had been driven twelve hundred miles) was within the limits of the testimony, and was the basis for the six-hundred-dollar judgment.

While we would hold that the trial court did not abuse its discretion in admitting the testimony, as to value, of the witness Joseph Crandall, there was other competent evidence to support the challenged finding. See *Marr v. Cook* (1957), 51 Wn. (2d) 338, 318 P. (2d) 613.

Assignment of error No. 4: The trial court did not err in refusing to admit testimony as to the credit received

by the plaintiff when he traded in the car in question on a new car in December, 1957. The issue before the court was the market value of the car at the time it was sold to the plaintiff by the defendants in February, 1955. The evidence offered was speculative and remote.

▆ Assignment of error No. 5: The defendants object to claimed hearsay. This case was tried to the court. If hearsay was admitted, it was harmless error, inasmuch as the trial court's findings are supported by competent evidence. *Evich v. Kovacevich* (1949), 33 Wn. (2d) 151, 162, 204 P. (2d) 839, and cases cited; *Bond v. Wiegardt* (1950), 36 Wn. (2d) 41, 55, 216 P. (2d) 196; *Philadelphia Fire & Marine Ins. Co. v. Grandview* (1953), 42 Wn. (2d) 357, 362, 255 P. (2d) 540.

The judgment is affirmed.

