Hubert MASON, and Charles Albert Garrett, Jr., Appellants,

v.

UNITED STATES of America, Appellee.

Samuel Lewis GLADNEY, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 10017–10019.

United States Court of Appeals Tenth Circuit.

March 17, 1969.

Rehearings Denied April 23, 1969.

---

2. The record is silent as to where the proceeds of the sale of this stock went.

William L. Rice, Denver, Colo., for appellant, Hubert Mason.

Virginia Malloy, Denver, Colo., for appellant, Charles Albert Garrett, Jr.

E. M. Heppenstall, Denver, Colo., for appellant, Samuel Lewis Gladney.

Milton C. Branch, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., with him on the brief), for appellee, United States.

Before PHILLIPS, HILL, and SETH, Circuit Judges.

SETH, Circuit Judge.

The opinion heretofore filed in these cases is withdrawn and the following is substituted:

The appellants were originally tried and convicted on an indictment charging a conspiracy to violate section 174 of Title 21 U.S.C. by the importation of heroin and the concealment and sale thereof. On appeal to this court the case was reversed and the appellants were re-tried on the same charge and again convicted.

Appellants have taken this second appeal urging that the trial court was in error in permitting the Government to use at the second trial the testimony of certain witnesses given at the first trial. The appellants also argue that the verdicts were not supported by the evidence.

One of the defendants, Frank Wilson, died after sentence and while his appeal was pending. An order has been entered abating the judgment and sentence as it pertains to him.

As to the remaining appellants, the record shows that during the course of the second trial the prosecution called four witnesses who had testified as witnesses for the Government at the first trial. These men were Willie Salone, Jr., William J. Crawford, Willie C. Blue, and Larry "Bo" Bailey. When called to testify each refused to do so on Fifth Amendment grounds. Immunity was then granted to each of them pursuant to 18 U.S.C. § 1406, but they still refused to testify except the witness Salone. This witness was free on probation, but the other three witnesses were prisoners serving various sentences for violations of the narcotics laws.

When the witnesses persisted in their refusal the trial court appointed attorneys to represent them. Time was afforded and consultations were had. The court repeated its efforts to have them testify but without success and the "witnesses" were cited for contempt. The prosecution then proceeded with the witness Salone who was willing to testify and who did so. Then the Government offered the testimony of Willie C. Blue and Larry "Bo" Bailey from the transcript of the former trial of these appellants on the same charges. The appellants objected but the court allowed the transcript of the two witnesses' testimony to be read to the jury. This included all the testimony of these witnesses at the prior trial which was given in the presence of the jury including cross-examination. The trial court permitted this to be done on the ground that the *testimony* was unavailable since the witness, although called and present in court, refused to testify. The trial court in making its ruling referred to Johnson v. People, 152 Colo. 586, 384 P. 2d 454 (Colo.); State v. Stewart, 85 Kan. 404, 116 P. 489; People v. Pickett, 339 Mich. 294, 63 N.W.2d 681, 45 A.L. R.2d 1341.

On this appeal, appellants contend that they have been denied their Sixth Amendment right of confrontation, since witnesses Blue and Bailey were not "unavailable," citing Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L. Ed. 409 (1895).

The appellants also rely heavily on the recent Supreme Court case of Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L. Ed.2d 255, decided on April 23, 1968. In that case, the Court reversed this Circuit, which had affirmed the district court's holding that it was proper to admit the reading of testimony given at a former preliminary hearing because the witness was outside the jurisdiction of the court. After citing the rule regarding the right of confrontation as stated in Mattox, supra, and the fact that this Sixth Amendment right of confrontation is applicable to the states through the Fourteenth Amendment, Pointer v. Texas, 380 U.S. 400 at 405, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), Justice Marshall for the Court stated:

"It is true that there has traditionally been an exception to the confrontation requirement where a witness is unavailable and has given testimony

at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant. E. g., Mattox v. United States, supra (witnesses who testified in original trial died prior to the second trial). This exception has been explained as arising from necessity and has been justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement. See 5 Wigmore, Evidence §§ 1395–1396, 1402 (2d ed. 1940) ; C. McCormick, Evidence §§ 231, 234 (1954)."

The Court in Barber further discussed the applicable standards.

 In the case before us the facts place it well within the permitted use under Pointer v. Texas, and Barber v. Page. We consider, as did the trial court, that the important element is whether the *testimony* of the witness is sought and is available and not whether the witness's body is available. This was stated in the cases referred to by the trial court, cited above, and also in Rodriguez v. Nelson, D.C., 286 F.Supp. 321. The record here shows that the trial judge did all that was reasonable and proper to have the witnesses testify. See Pleau v. State, 255 Wis. 362, 38 N.W.2d 496. We hold that the trial judge was not in error in permitting the use of the witnesses' testimony at the prior trial under the circumstances and in the manner he did.

 Appellant Gladney further asserts that even though such testimony may have been properly admitted, the fact that the trial judge failed to explain to the jury why the testimony was read, rather than given by the witnesses themselves, constituted reversible error. Appellant offers no authority to support such contention. The trial judge stated to counsel on this point that there had been considerable publicity at the first trial of this case, due to the magnitude of the offenses committed, and the sentences imposed, and therefore in his opinion it was likely that the jury would be prejudiced should an explanation be

given, and thus it was safer not to. It appears that appellant Gladney was the only accused who made this objection. We agree that this matter of a further explanation was within the discretion of the trial judge. The trial judge told the jury before the transcript was read :

"The testimony of at least two witnesses will be brought to your attention, ladies and gentlemen, by reading of a transcript. This is testimony that has been given under oath with respect to which there has been cross-examination. So you must canvass and evaluate it just as if the witnesses were on the stand."

The record shows that the accused other than Gladney were opposed to any further explanation by the judge than was given.

 The appellants also contend that the trial court erred in denying their motions for judgment of acquittal because the verdicts were not supported by the evidence. We must consider the evidence in the light most favorable to the Government, together with any inferences which may be fairly drawn therefrom, and determine whether there was substantial evidence from which a jury could properly find the accused guilty beyond a reasonable doubt. Maguire v. United States, 358 F.2d 442 (10th Cir. 1966) ; Nickles v. United States, 381 F.2d 258 (10th Cir. 1967).

The record shows that the prosecution relied upon the statutory presumption relating to possession and also on circumstantial evidence that the appellants had constructive possession. Lucero v. United States, 311 F.2d 457 (10th Cir.) ; Mack v. United States, 326 F.2d 481 at 484 (8th Cir. 1964) ; United States v. Dillard, 376 F.2d 365 at 367 (7th Cir. 1967). The record shows that as to each appellant they exercised the necessary dominion and control over the heroin so as to be deemed in constructive possession thereof.

 Finally, appellant Garrett contends that the jury was prejudiced when the Government included in Count I of

the indictment against him and also in its opening statement that he imported from Mexico 37 grams of heroin and then subsequently presented no evidence to substantiate the statements. It is well established law that an indictment is not evidence, and that the opening statements of counsel are not evidence. The overt act about which the appellant complains was read to the jury inadvertently during a voir dire examination. Reference to this overt act was deleted from the copy of the indictment when it went to the jury, and when the court instructed the jury at the close of argument to disregard "another overt act which the court had mentioned on reading the indictment before trial." As stated in Maestas v. United States, 341 F.2d 493 (10th Cir.1965):

> "The question of whether to declare a mistrial is of course a matter within the discretion of the lower court since it is in a better position to judge the effect which incompetent evidence might have upon the jury. Also, it is the general rule that error in the admission of evidence under most circumstances may be cured by withdrawing the evidence from the jury's consideration and instructing the jury to disregard it. Holt v. United States, 94 F.2d 90 (10th Cir.). However, as an exception to the general rule, where the character of the testimony is such that it will create so strong an impression on the minds of the jurors that they will be unable to disregard it in their consideration of the case, although admonished to do so, a mistrial should be ordered. Holt v. United States, supra; Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250; United States v. Jacangelo, 281 F.2d 574 (3d Cir.)."

Also see Brown v. United States, 380 F. 2d 477 (10th Cir.1967). We find no error in the refusal of the trial judge to grant a mistrial.

We have considered the several additional points raised by the several appellants and find them to be without merit.

Affirmed.