**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**A. J. ALLEN, Defendant-Appellant.**

**No. 115–68.**

United States Court of Appeals
Tenth Circuit.

April 15, 1969.

Rehearing Denied May 5, 1969.

David A. Fogel, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for plaintiff-appellee.

Robert Dunlap of Moyers & Dunlap, Colorado Springs, Colo., for defendant-appellant.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

On trial to the court without a jury, the defendant-appellant was found guilty of violating the Mann Act, 18 U.S.C. § 2421. He appeals from the judgment imposing sentence.

Defendant was charged in₅ a seven-count indictment. Four of the counts related to a woman named Davis and the other three to a woman named Whitehurst. On motion of the defendant, the Davis counts were severed from the Whitehurst counts. Later, a jury was waived and the government dismissed all but Count III pertaining to Davis and Count VI pertaining to Whitehurst.

█ The defendant was arrested on February 7, 1968. A preliminary hearing was held before a United States Commissioner on February 13. The defendant was present with counsel who has continued to represent him at the trials and on this appeal. No continuance was requested. The charge was a violation of 18 U.S.C. § 2421 by the separate interstate transportation of Davis and Whitehurst for purposes of prostitution. Davis and Whitehurst each testified and each was cross-examined by defense counsel. The opportunity for cross-examination was full, complete, and unrestricted.

At the trials, Davis and Whitehurst invoked the Fifth Amendment protection against self-incrimination and refused to testify. Over objections of the defendant, the district court received in evidence the transcripts of their testimony at the preliminary hearing. Without such testimony, the evidence was insufficient to sustain the conviction on either count.

The use at trial of testimony received in a preliminary hearing has been considered in several cases. In Motes v. United States, 178 U.S. 458, 471, 20 S.Ct. 993, 998, 44 L.Ed. 1150, the Court held that it was error to receive in evidence a statement made at the "examining trial" when the absence of the witness was not procured by the defendant but was "manifestly due to the negligence of the officers of the government." Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, holds that the Sixth Amendment right of confrontation applies to the States under the Fourteenth Amendment. The Court pointed out, 380 U.S. 407, 85 S.Ct. 1069, that a major reason for the confrontation rule is "to give a defendant charged with crime an opportunity to cross-examine the witnesses against him," and held that the preliminary hearing transcript was improperly received at the trial because at that hearing the defendant was not represented by counsel and had no opportunity for cross-examination. The Court said: (Id.)

> "The case before us would be quite a different one had Phillips' [the witness] statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine."

Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934, is not in point. There the witness who invoked the Fifth Amendment was subjected to cross-examination as a hostile witness and interrogated about a confession implicating the defendant. The witness refused to answer any questions in regard thereto. In that situation the witness could not be cross-examined on a statement "imputed to but not admitted by him." Accordingly, there was a denial of the adequate opportunity for cross-examination.

The Courts of Appeals have held that, in proper circumstances, statements made at a preliminary hearing may be received in evidence at a subsequent trial. See Government of the Virgin Islands v. Aquino, 3 Cir., 378 F.2d 540, 549; Smith v. United States, 4 Cir., 106 F.2d 726, 728; and Baldwin v. United States, 6 Cir., 5 F.2d 133, 134.

In Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255, the Court

held that a transcript of testimony received at a preliminary hearing was improperly received in a state trial when the witness was confined in a federal institution and the state made no effort to obtain his presence for the trial. Although Barber v. Page mentions demeanor evidence and the difference between a preliminary hearing and a trial, we read that opinion as deciding only that the transcript was improperly received because unavailability had not been established.

■ The case before us presents three points. The first is whether the requirement of unavailability is satisfied when the witness is physically present but the testimony is unavailable because of the invocation of the Fifth Amendment privilege. This point was resolved by our recent decision in Mason v. United States, 10 Cir., 408 F.2d 903. In that case witnesses who testified at the first trial claimed the Fifth Amendment privilege and refused to testify at the second trial. The government then used the transcript of their testimony at the first trial. In rejecting the contention that the transcripts were not properly received because of the physical presence of the witnesses, we said that "the important element is whether the *testimony* of the witness is sought and is available and not whether the witness's body is available." Here, like in Mason, the testimony was unavailable because of the invocation of the Fifth Amendment.

■ The second point goes to the difference between a preliminary hearing and a trial. At a preliminary hearing, the issue is whether there is probable cause to believe that the accused has committed the offense charged. At a trial, the issue is the guilt or innocence of the defendant. The argument is that because of this fundamental difference the cross-examination of a prosecution witness at a preliminary hearing is less searching into the merits and hence does not satisfy the demands of the confrontation clause. We believe that the test is the opportunity for full and complete cross-examination rather than the use which is made of that opportunity. At the hearing before the United States Commissioner, the defendant and his counsel were confronted by the witnesses who testified under oath and were subjected, without limitation, to extensive cross-examination. The extent of cross-examination, whether at a preliminary hearing or at a trial, is a trial tactic. The manner of use of that trial tactic does not create a constitutional right. To paraphrase Pointer [1] the statements of the witnesses were made "at a full-fledged hearing" with accused present and represented by counsel who was given "a complete and adequate opportunity to cross-examine."

The third point is that the use of the transcripts does not disclose the demeanor of the witnesses and thus deprives the trier of the fact of an important indication of credibility.[2] If opportunity to observe demeanor is the controlling factor, then transcripts of testimony at a former trial may not be received. The demeanor problem is the same there as it is with the use of transcripts taken at a preliminary hearing.

■ In Mattox v. United States, 156 U.S. 237, 240–244, 15 S.Ct. 337, 39 L.Ed. 409, the Court considered the use of transcripts, taken at a former trial, of testimony of witnesses who had died before the retrial. The Court discussed the confrontation problem and demeanor evidence. It concluded that public policy permitted the use of the transcripts. On the basis of Mattox, the Third Circuit has held that demeanor evidence is not an essential ingredient of the con-

1. See 380 U.S. 400, 407, 85 S.Ct. 1065.

2. Here the trials were to the court sitting without a jury. In discussing the demeanor problem, the district court said: "I don't think we can tell whether a person is telling the truth or telling a falsehood merely by looking at the person. We have to weigh it in the context in which the person is speaking and also in the context of what the other facts that have been adduced are."

frontation privilege.[3] We agree. In the case at bar the right of confrontation has been satisfied. The defendant and the witnesses were brought face to face in a judicial proceeding. The witnesses were sworn and the opportunity for cross-examination was complete and adequate. In our opinion the transcripts were properly received.

Affirmed.

3. Government of the Virgin Islands v. Aquino, 3 Cir., 378 F.2d 540, 548-549.