[No. 597-1.    Division One—Panel 1.    July 19, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY JOHN SOLOMON, *Appellant.*

*Kempton, Savage & Gossard* and *James S. Kempton,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Marco J. Magnano, Jr., Deputy,* for respondent.

HOROWITZ, C.J.—Defendant was charged with burglary in the second degree and taking, and riding in, a motor vehicle. After a trial to the court, defendant was found

guilty on both counts. A timely notice of appeal was filed and appellant is here represented by his trial counsel.

On the evening of May 21, 1969, a car was stolen from the processing room of the Seattle police garage. The car, belonging to one Walter Smith, had been impounded earlier because of a parking violation, and it was taken to the police garage when it was discovered that the engine was stolen. Several officers observed four persons, including defendant and one Mr. Harold Perry, peering through the windows of the police garage. After about 15 minutes the officers, who were preparing to go home after a change of shifts, lost sight of the individuals and did not see them again. A Chevrolet Nomad, known to have belonged to the defendant, was observed parked in a lot adjacent to the police garage.

On the following day it was discovered that the locks to the police garage had been broken and that the Smith vehicle was missing. Photographs of the police garage were taken by Detective Owen McKenna and admitted into evidence at the trial. McKenna gave a brief description of the photographs and ventured the opinion that entry was effected through the window the defendant was seen looking through.

After establishing the above facts, the state called Dennis Heiges and Patsy Pollino as witnesses. Both claimed the privilege against self-incrimination, and the claim was sustained by the trial court. The state then offered to grant Heiges immunity, but after submission of briefs on the question and a long colloquy, the trial judge ruled that the state could introduce the testimony of the two witnesses given at the preliminary hearing. The state then called Judge Bill Lewis, who presided over the preliminary hearing, former deputy prosecuting attorney Barbara Durham, and Detective Van de Putte, who related the prior testimony of Heiges and Pollino. According to the testimony of the three state's witnesses, Heiges had seen the defendant and Harold Perry at 3 a.m. on May 22, 1970, and they requested Heiges to allow them to store the Smith vehicle

in his garage. Heiges allowed them to do so but requested them to remove it when he discovered that the car had been taken from the police garage. According to the three witnesses, Pollino had gone downtown with defendant and Perry during the evening in question, and had known that Smith wanted his car removed from the processing room. He left the two other men and returned to the defendant's car and went to sleep. When he awoke he found the Smith vehicle was no longer in sight. Thereafter, he left the area in defendant's car with one Larry Meyers.

After the state rested, defendant took the stand and denied the charges. He admitted that he looked into the windows of the police garage, but stated that he left the area, went downtown, and ran into a friend who gave him a ride to Heiges' home, where he happened to run into Perry.

Appellant primarily contends that it was error to admit the preliminary hearing testimony of Heiges and Pollino. Specifically, it is contended, first, that the introduction of the testimony violates the defendant's right, secured by the Sixth Amendment and Const. art. 1, § 22 (amendment 10), to confront and cross-examine his accusing witness; second, that the preliminary hearing, by its nature, did not afford a sufficient opportunity to cross-examine; and third, that the testimony admitted does not fall within the RCW 10.52.060 conditions permitting such prior testimony, and that conditions other than those so stated are to be deemed excluded under the maxim expressio unius est exclusio alterius.

The established case law in this state permits preliminary hearing testimony to be admitted at trial, consistent with Sixth Amendment requirements if

(1) the witness is unavailable, (2) the witness was sworn to testify at the previous trial, (3) the accused was present and was afforded the opportunity to cross-examine, and (4) the person who seeks to relate the absent witness' testimony was present, heard the witness testify, and can state in substance the nature of the subject matter sought to be established.

State v. Roebuck, 75 Wn.2d 67, 70, 448 P.2d 934 (1968). Accord: State v. Ortego, 22 Wn.2d 552, 157 P.2d 320, 159

416

A.L.R. 1232 (1945). The case law is plainly contrary to defendant's contention that the preliminary hearing does not afford a constitutionally adequate forum for cross-examination. Moreover, in the instant case, there is no question as to the last three requirements. The witnesses at the preliminary hearing were sworn, the accused was present, he was given an adequate opportunity to cross-examine since the record reveals he was there represented by counsel (*see Pointer v. Texas*, 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965)), and there is no question that the persons relating the preliminary hearing testimony had been present and could state "the nature of the subject matter sought to be established."

■ The question of whether the admission of the preliminary hearing testimony by testimony of a person there present violates the Sixth Amendment, like the question of whether the preliminary hearing provides an adequate forum for cross-examination, has already been determined in *State v. Roebuck, supra,* and *State v. Ortego, supra,* and we are bound thereby. Moreover, the contention that RCW 10.52.060, which states conditions when previously given testimony is admissible in a criminal trial, provides the sole grounds upon which such prior testimony can be given under the rule of expressio unius est exclusio alterius, is not supported by the cases. In *Ortego* the court stated conditions for the admissibility of such testimony which go beyond the literal language of the statute; in *Roebuck* the preliminary hearing testimony of a witness who was present at trial but physically incapable of testifying was held admissible in evidence.

■ The only substantial question with regard to the admission of the preliminary hearing testimony is whether a person who properly invokes his Fifth Amendment privilege is "unavailable" for purposes of the exception to the Sixth Amendment confrontation requirement. It is almost uniformly held that the crucial question is whether his testimony rather than his body is available, and that consequently, a witness who invokes the Fifth Amendment privi-

lege against self-incrimination is absent for purposes of the rule governing admission of prior testimony. *See* Annot., 45 A.L.R.2d 1354 (1956); *United States v. Mobley,* 421 F.2d 345 (5th Cir. 1970); *United States v. Allen,* 409 F.2d 611 (10th Cir. 1969); *Mason v. United States,* 408 F.2d 903 (10th Cir. 1969); *State v. Rawls,* 252 Ore. 556, 451 P.2d 127 (1969); *State v. Terry,* 202 Kan. 599, 451 P.2d 211 (1969); *Johnson v. People,* 152 Colo. 586, 384 P.2d 454 (1963), *cert. denied,* 376 U.S. 922, 11 L. Ed. 2d 617, 84 S. Ct. 682 (1964). *Cf. People v. Lawrence,* 168 Cal. App. 2d 510, 336 P.2d 189 (1959). *Contra: Pleau v. State,* 255 Wis. 362, 38 N.W.2d 496 (1949). Under the majority rule the preliminary hearing testimony was admissible. We think that the same rule obtains in this state. *State v. Roebuck, supra,* implies this result, and in *State v. Ortego, supra* at 564, the court, after stating the usual causes of unavailability[1] which satisfy the rule, added "or his absence resulting from some other contingency of equal preventive force and gravity." Although the witness was not physically absent in the instant case, we think that invocation of a lawful privilege is precisely the sort of contingency to which the court was referring.

We are mindful that the right of confrontation is " 'basic in our system of jurisprudence.' " *Pointer v. Texas,* 380 U.S. 400, 405, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965). When a crucial state's witness is unavailable to testify, either due to death, absence from the jurisdiction, or invocation of a lawful privilege, then, if that witness has previously testified, the law is put to a difficult choice. If the defendant's

---

[1]The court stated the first condition of admissibility—that the witness be unavailable—as follows:

(1) that the witness whose testimony is sought to be produced is unavailable because of his death, insanity, or physical disability preventing his appearance in court, or his absence from the state or jurisdiction of the court without the connivance of the party seeking to introduce the testimony of such witness, or his absence when after diligent search and due inquiry he cannot be found, or his absence resulting from some other contingency of equal preventive force and gravity; . . .

*State v. Ortego,* 22 Wn.2d 552, 157 P.2d 320, 159 A.L.R. 1232 (1945), at 563.

right to confront his accusers be given full effect, there is the accompanying risk that a guilty man may go free and the public's interest in securing justice sacrificed. On the other hand, should the prior testimony be introduced, then the defendant's basic right to cross-examine his accusing witness may be compromised and consequently the reliability of the fact-finding process may thereby be impaired.

The United States Supreme Court first dealt with the problem in *Mattox v. United States,* 156 U.S. 237, 39 L. Ed. 409, 15 S. Ct. 337 (1895). There the court, in balancing alternative interests to be protected, decided that the public interest in securing justice made it necessary to create a limited exception to the confrontation right and admit the transcript of the prior testimony, subject to the limitation that the accused must have had an adequate opportunity to cross-examine the witness in the prior proceeding. Since that time *Mattox* has been largely unquestioned and the rules therein stated, with proper amplification, have become established constitutional and evidentiary law. Subsequently, the Supreme Court, in *Pointer v. Texas, supra,* held that in order for the opportunity for cross-examination in the prior proceeding to be adequate for purposes of the exception, the defendant must have been there represented by counsel. In *Barber v. Page,* 390 U.S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318 (1968), the court held that a witness was not unavailable for purposes of the exception, although absent the jurisdiction, when his whereabouts was known and there were adequate procedures to obtain his presence at trial. *Pointer* and *Barber,* although restricting the scope of the exception to the right of confrontation, both recognized the continued validity of the exception.

It is, therefore, clearly established that when the witness is properly unavailable, his prior testimony can be admitted at a subsequent trial consistent with the Sixth Amendment if, at the previous hearing, there was adequate opportunity to cross-examine. In our opinion it makes no difference, for constitutional purposes, whether the testimony is unavailable because of the physical absence of the witness

or because of the assertion of a legal privilege. The result is the same in either case—the state is denied the benefit of the testimony. The broadest principle supportable by *Barber* is that prior testimony is admissible only if there is no feasible alternative. Since it is universally held that the privilege against self-incrimination cannot be waived by prior testimony and that it can be reasserted at any time (*see State v. Rawls,* 252 Ore. 556, 451 P.2d 127, 128 (1969)), the only feasible alternative in the instant case to admission of the prior testimony was to grant the witness immunity from prosecution—an alternative of questionable merit. In Washington there are procedures to grant immunity from prosecution for only a limited number of crimes (abortion, anarchy, bribery, duelling, gambling), none of which are applicable here. *See* RCW 10.52.090; RCW 9.02.040; RCW 9.05.050; RCW 9.18.080; RCW 9.30.050; RCW 9.47.130. *See State v. Johnson,* 77 Wn.2d 423, 462 P.2d 933 (1969). Consequently, there being no feasible alternative, the admission of the prior testimony met the requirements of defendant's Sixth Amendment right of confrontation. Most courts which have considered the question have reached the conclusion as to admissibility of previous testimony which we reach here. Many cases, it is true, involve testimony previously subjected to cross-examination. *See e.g., United States v. Mobley,* 421 F.2d 345 (5th Cir. 1970); *United States v. Allen,* 409 F.2d 611 (10th Cir. 1969); and *Mason v. United States,* 408 F.2d 903 (10th Cir. 1969), where admission of previous testimony of witnesses who refused to testify was held not to violate the Sixth Amendment. However, as above pointed out, opportunity for cross-examination is enough.

Appellant next contends that the state should be precluded from relying upon the preliminary proceedings since it failed to provide a transcript of the proceedings as required by RCW 10.16.090.[2] We disagree. The failure to

---

[2]"It shall be the duty of all magistrates within this state, before whom any person or persons shall be committed or held to bail to answer to any crime, to return their proceedings, duly certified, includ-

provide the transcript is a mere neglect of a ministerial duty not affecting the jurisdiction of the superior court or validity of the preliminary hearing. *State v. Birch,* 183 Wash. 670, 49 P.2d 921 (1935).

It is also contended that it was error to allow Detective McKenna, a non-expert witness, to testify as to his opinion as to how entry into the police garage was effected. Several photographs of the interior of the garage, and testimony giving detailed descriptions thereof, were admitted into evidence so that it could be said that there was an adequate basis upon which the court could form its own opinion on the matter. *State v. Chemeres,* 20 Wn.2d 712, 147 P.2d 815 (1944). If there was error in admitting the evidence, it was harmless because there is other admissible and competent evidence supporting the findings. *Primm v. Wockner,* 56 Wn.2d 215, 351 P.2d 933 (1960); *State v. Bell,* 59 Wn.2d 338, 364-65, 368 P.2d 177 (1962).

Appellant also contends that the state's cross-examination of the defendant went so far beyond the scope of the direct examination as to violate the rules of evidence as well as the defendant's Fifth Amendment rights. Defendant Solomon took the stand and briefly denied entering the police garage or stealing the car. Thereafter, the state, over defendant's objection, conducted an extensive cross-examination concerning the defendant's whereabouts that night. We think, however, that the scope of the examination was proper. When in direct examination " 'a general subject is unfolded, the cross-examination may develop and explore the various phases of that subject.' " *Wilson v. Miller Flour Mills,* 144 Wash. 60, 66, 256 P. 777 (1927). *See also State v. Robideau,* 70 Wn.2d 994, 425 P.2d 880 (1967); 5 Meisenholder, Wash. Prac. § 264 (1965). Moreover, the scope of the cross-examination is a matter entrusted to the dis-

---

ing a copy of all recognizances taken by them, to the clerk of the superior court within ten days after the final hearing and commitment, or holding to bail, as aforesaid; and any justice of the peace who shall fail or neglect to make such return shall not be entitled to receive any fees or costs in such case."

cretion of the trial court and its decision will not be overturned except in the case of an abuse of discretion. *State v. Robideau, supra; State v. Miles,* 77 Wn.2d 593, 464 P.2d 723 (1970). The trial court acted well within its discretion in allowing the cross-examination.

It is next contended that the court erred in finding that the car was taken without the permission of the owner and that the police were in lawful custody of the car because the owner did not testify that the defendant lacked permission to take the car and there was nothing in the record to indicate that the department's possession was lawful. We disagree. There was evidence that the engine in the car was stolen and that the officers knew this at the time the car was transferred from Cordes to the police garage. This was sufficient evidence to establish rightful possession by the police department. It is only necessary to show that the automobile did not belong to the appropriator and that it was intentionally taken without permission of the person entitled to possession at the time of the taking; ownership, right to possession or permission to use may be asserted as an affirmative defense. *State v. Nelson,* 63 Wn.2d 188, 386 P.2d 142 (1963).

Finally, appellant asserts that the evidence was not sufficient to support the trial court's findings of guilt. There was evidence placing the defendant at the police garage immediately prior to the taking, and in the car after the taking. We think this was sufficient evidence from which to draw an inference of guilt.

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.

Petition for rehearing denied September 22, 1971.

Review denied by Supreme Court November 23, 1971.