**STATE of Missouri, Respondent,**

v.

**Freddie Joseph PHILLIPS, a/k/a Joseph Freddie Phillips, Appellant.**

**No. 58146.**

Supreme Court of Missouri, Division No. 2.

July 22, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Robert W. Richart, Joplin, for appellant.

STOCKARD, Commissioner.

Joseph Freddie Phillips, charged under the Second Offender Act, § 556.280 RSMo

1969, V.A.M.S., with robbery in the first degree in violation of § 560.120 RSMo 1969, V.A.M.S. was found guilty by a jury and sentenced by the court to imprisonment for a term of fifteen years.

Appellant does not challenge the sufficiency of the evidence. A jury reasonably could find that on April 18, 1972, appellant struck John Dobrauc with a metal pipe, and after knocking him down he removed $250 from his person.

Two days before trial an amended information was filed. The only change was to charge that appellant had previously been convicted of three felonies. At the trial the only proof of a prior felony was the conviction of appellant on December 3, 1946, for the theft of an automobile.

Appellant contends that the trial court abused its discretion in (1) failing to grant his request and motion for a bill of particulars and a continuance in order to prepare a defense to the amended information, and (2) in failing to quash the amended information because the allegations invoking the Second Offender Act pertained to a prior conviction which occurred twenty-six years previously.

The index to the transcript does not show a motion for a bill of particulars, and we do not find one in the transcript. In his argument to the court in support of the motion for a new trial, appellant's counsel referred to an oral motion for a bill of particulars, but we find no reference to its contents. There is nothing before us pertaining to a bill of particulars for appellate review.

At the time of trial counsel moved to quash the amended information on the ground that he did not have sufficient time to investigate whether appellant was represented by counsel at the time of the previous conviction and if he was whether that representation was effective. There was no specific request for a continuance, and in the transcript there is set out a journal entry in which it is stated that "both parties announce ready for trial."

■ The proof of the prior conviction was out of the presence of the jury. Counsel indicated to the court that appellant could not remember whether he was represented by counsel. The record of the previous conviction stated that he was represented by a lawyer by the name of Nelson Evans, and the parties agreed that he was deceased at the time of the present trial. The previous conviction resulted from a plea of guilty. The hearing on the motion for new trial in this case was not held until two months and sixteen days after verdict. There was nothing offered at that hearing by appellant to sustain any position he now takes, and there is nothing in the transcript to show for what reason appellant claims his representation was not effective. A continuance for the purposes requested by appellant, if in fact a continuance was requested, would not have been for two months. Yet in more time than that appellant produced nothing to the trial court to demonstrate prejudice. Under these circumstances appellant has not demonstrated an abuse of discretion by the trial court in proceeding to trial.

■ The fact that the previous conviction occurred in 1946 affords no basis to quash the amended information. The Second Offender Act places no time limit within which the previous conviction shall have occurred, and the fact that the prior conviction in this case occurred twenty-six years earlier is immaterial. State v. Humphries, 169 S.W.2d 350 (1943). We note that appellant did not move to strike the allegations of the previous conviction, but sought only to quash the amended information, including the charge of robbery. We find no abuse of discretion.

Appellant also objected to an amendment at the time of trial to allege that the amount of money taken in the robbery was $250 instead of $200.

■ Robbery in the first degree, § 560.120, RSMo 1969, covers "taking the property of another from his person" with-

out regard to the amount. "In a robbery prosecution proof of the exact value of the property taken is unnecessary if it appears that the property taken had some value since the amount thereof is immaterial." State v. Washington, 383 S.W.2d 518 (Mo.1964). In this case the jury was instructed that to find appellant guilty of robbery it had to find that John Dobrauc "had possession of Two Hundred Fifty Dollars," and that appellant "took the property from John Dobrauc against his will by violence to his person, and by causing him to fear immediate injury to his person." The result of the amendment changing the amount taken in the robbery in view of the instructions, resulted in the State assuming a greater burden than necessary, a matter about which appellant is not entitled to complain.

Appellant next asserts that Leon Wallace, a deputy sheriff, was not qualified as an expert witness, and that the court abused its discretion in permitting him to testify that in his opinion the fingerprints shown on the records of the alleged prior conviction were those of appellant. He asserts in argument: "Can it be said that Leon Wallace has more expertise than the ordinary person or layman on the street? Perhaps. But how trustworthy can he be?"

The comparison of fingerprints is a proper matter for an expert witness, State v. Varner, 329 S.W.2d 623 (Mo. 1959), and evidence of the correspondence or lack of correspondence of fingerprints, when testified to by an expert witness, is admissible to establish identity in criminal proceedings. 28 ALR2d 1123, § 3. The qualification of an expert is a matter within the sound discretion of the trial court. State v. Stevens, 467 S.W.2d 10 (Mo. 1971). Leon Wallace testified concerning his education and experience in identifying and comparing fingerprints. He clearly demonstrated that he was qualified. We note that appellant does not set forth what qualifications he claims were lacking, but in effect challenges only the weight to be given to his testimony; a matter for the trier of the fact, which in this case was the trial court.

Appellant also asserts that the trial court abused its discretion in giving Instruction No. 8, commonly referred to as the "hammer" instruction. Appellant argues that the effect of the instruction was to force and coerce the members to thereafter reach a verdict in less than ten minutes.

The instruction was in the words and form which has frequently been approved. Appellant made no objection to the instruction, and made no objection when the court announced it would read the instruction to the jury. At that time the court had been informed that the members were divided eleven to one.

Aside from the absence of an objection to the giving of the instruction, we find no abuse of discretion on the part of the trial court. One juror, apparently the foreman, expressed the opinion that it would not be possible to reach a verdict, but at that time the jury had deliberated only one hour. The fact that a verdict was subsequently reached does not establish coercion. State v. Smith, 431 S.W.2d 74, 86 (Mo.1968). The court read Instruction No. 8 and returned the jury to "deliberate a little further," and after the verdict was returned the jury was polled and each member affirmatively stated that he or she agreed to the verdict. Under these circumstances we find no prejudicial error.

We now reach the only real issue in this case. At appellant's preliminary hearing he was present with his attorney. Chris Brownfield, age 15, was sworn as a witness, and he was represented by counsel. Both his counsel and the magistrate judge advised Chris Brownfield of his privilege against self-incrimination, but he elected to and did testify that he was present with and saw appellant strike John Dobrauc with a pipe and rob him. The proceedings at the preliminary hearing were not transcribed and no recording was made. At the trial of appellant, Chris Brownfield

was called as a witness by the State, and after stating his name and address he asserted his privilege against self-incrimination. The trial court directed that he answer questions concerning whether he was attending school or was employed, which he did, but he refused to answer any questions concerning his knowledge of the facts pertaining to the charge against appellant. The State then called Grant Scott, the assistant prosecuting attorney who handled the preliminary hearing but who was not participating in appellant's trial. Mr. Scott testified, over objection of appellant, that at the preliminary hearing Chris Brownfield testified willingly under oath that he was with appellant on the evening of April 18, and that he saw appellant hit John Dobrauc with a pipe, knock him down, and take his billfold.

Appellant aserts on this appeal that the court erred "in instructing Chris Brownfield to answer certain questions * * * after [he] had attempted to assert his privilege against self-incrimination." He further asserts that this prevented him from receiving a fair and impartial trial; that it violated "his constitutional right of due process of law by discrediting [him] in the eyes of the jury with a taint of guilt, which was highly inflammatory and prejudicial * * * and misleading to the jury."

Appellant argues that when the court instructed the witness to answer it "caused an unfair inference and innuendo of guilt to settle like a cloud over the defendant's head in the eyes and minds of the jury to such a degree that the cloak of the presumption of innocence was literally ripped from the defendant giving the jury no other chance to reach any other verdict than guilty by association of a young fifteen-year-old who refuses to testify."

The right of a witness to claim the privilege against self-incrimination is personal to him, and even though the court may fail to grant the witness his constitu-

tional immunity, appellant has no ground for complaint unless his own rights were violated. State v. Ross, 371 S.W.2d 224 (Mo.1963); State v. Foster, 349 S.W.2d 922 (Mo.1961). Therefore, appellant cannot object to the court having directed Chris Brownfield to answer certain questions, even if the direction was improper. But, in this case the direction was not improper. The questions called for answers relating to his schooling and employment which, as a matter of law, could not have been incriminating to the witness or prejudicial to appellant. See Presta v. Owsley, 345 S.W.2d 649 (Mo.App.1961). Also, it was not improper for the court to require that the witness claim his privilege in the presence of the jury. State v. Yager, 416 S.W.2d 170 (Mo.1967). It may be assumed that the jury may not have been favorably impressed when Chris Brownfield claimed the privilege, but that was nothing about which appellant is entitled to complain. In fact, if the witness had testified it would have been less favorable to appellant. We cannot agree with appellant that the result of the witness claiming the privilege was as he claims, but even if there was some such implication, as far as appellant is concerned it is *damnum absque injuria*.

The remaining contention of appellant is that it was error for the court to permit the testimony of Grant Scott, over appellant's objection, "as to what he recalled that witness Chris Brownfield had said at the preliminary hearing." Appellant asserts this testimony was hearsay, and that it was "in derogation of [his] constitutional rights to a fair and impartial jury trial."

The constitutional issues are inadequately presented in Point I of appellant's brief, but we shall consider them because federally guaranteed rights of appellant are involved.

The Sixth Amendment of the Constitution of the United States provides in part:

"In all criminal proceedings, the accused shall enjoy the right * * * ; to be confronted with the witnesses against him; * * * ." This provision of the Sixth Amendment is applicable to all criminal proceedings in state courts by reason of the application of the Fourteenth Amendment of the Constitution of the United States prohibiting the deprivation of life or liberty without "due process of law." Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L. Ed.2d 923 (1965). The same right is protected by the Constitution of Missouri in Art. I, Sec. 18(a), V.A.M.S., which provides "That in criminal prosecutions the accused shall have the right * * * ; to meet the witnesses against him face to face; * * *."

In Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), quoting from Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895), the United States Supreme Court stated that " 'The primary object of the [Confrontation Clause of the Sixth Amendment] was to prevent depositions or *ex parte* affidavits * * * being used against a prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.' " The more recent cases emphasize that confrontation and the right to cross-examine the witness are synonymous and inseparable. Pointer v. Texas, supra. In that case a witness testified at a preliminary hearing where the accused was present but without counsel. Thereafter, the witness left the State. It was held that a transcript of the testimony could not be used by the State at the trial because the absence of counsel for accused resulted in him being denied his constitutional right of confrontation and

cross-examination. But, the court said: "The case before us would be quite a different one had [the witness'] statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine."

By this language the Supreme Court clearly recognized that certain situations call for an exception to the above rule. As stated in Barber v. Page, supra, "It is true that there has traditionally been an exception to the confrontation requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant. * * * This exception has been explained as arising from necessity and justified on the gound that the right of cross-examination initially afforded provides substantial compliance with the purpose behind the confrontation requirement."

Missouri has long adhered to the general rule and also to the above stated exception. State v. Jackson, 495 S.W.2d 80 (Mo.App. 1973). In State v. Barnes, 204 S.W. 264, 267 (Mo.1918), the court stated the exception: " * * * the sole prerequisites to its [the transcript] admission being, in the absence of any question as to its correctness: (1) A showing that the witness is then dead [or unavailable]; (2) the presence at the time of the taking of the testimony of the defendant; and (3) his right to cross-examine the witness." See the cases collected in the annotation entitled, "Use in criminal case of testimony given on former trial, or preliminary examination by witness not available at present trial," at 15 ALR 495, and in the supplementing annotations at 79 ALR 1392; 122 ALR 425; and 159 ALR 1240, all of which are in accord with the above rule and its exception.

In this case appellant was present with counsel at the preliminary hearing when Chris Brownfield testified under oath, and he was then afforded the opportunity to confront the witness, and through his counsel, to cross-examine him.

The first question is whether Chris Brownfield, by claiming the privilege against self-incrimination, became "unavailable" within the meaning of the exception as above stated.

In 45 ALR2d at p. 1355, it is stated that "Use of testimony given by a witness at a former trial or preliminary examination of a defendant on trial is generally held permissible even though the witness is present in court at the later trial, if the witness invokes a claim of privilege and refuses to testify." Following this there are cited cases from Alabama, Kansas, Michigan, Oklahoma and Pennsylvania. We agree with the reasoning and statement in State v. Stewart, 85 Kan. 404, 116 P. 489 (Kan. 1911), that "his refusal to testify viva voce at the trial made the information which he had formerly given as inaccessible to plaintiff as if he had been dead or out of the jurisdiction of the court. It is sometimes said that the testimony of a witness at a former trial cannot be read if he is present at the trial, but its admissibility does not depend so much on the presence or availability of the witness as it does on the availability of the testimony; * * *." In People v. Pickett, 339 Mich. 294, 63 N.W. 2d 681 (1954) it was stated that the word "unavailable" does not mean physical presence alone. For additional cases reaching the same result, but not cited in the above annotation, see State v. Hill, 143 Kan. 791, 57 P.2d 49 (1936); State v. Solomon, 5 Wash.App. 412, 487 P.2d 643 (1971); Bryant v. Maryland, 207 Md. 565, 115 A.2d 502 (1955); Johnson v. People, 152 Colo. 586, 384 P.2d 454 (1963); Mason v. United States, 408 F.2d 903, (C.A. 10 Colo.1969); United States v. Allen, 409 F.2d 611 (C.A. 10 Colo.1969); United States v. Mobley, 421 F.2d 345 (C.A. 5 Ga.1970); United States v. Milano, 443 F.2d 1022 (C.A.10 Colo.1971); Park v. State, 225 Ga. 618, 170 S.E.2d 687 (1969); State v. Terry, 202 Kan. 599, 451 P.2d 211 (1969); State v. Rawls, 252 Or. 556, 451 P.2d 127 (1969); Simms v. State, 492 P.2d 516 (Wyo.1972). In discussing the question of when a witness is "unavailable," for use of secondary evidence in a civil case, it was stated: "In other words, having regard for the principle of necessity which justifies resort to secondary evidence, a witness who stands upon his constitutional rights is, as a practical proposition, just as fully unavailable as though he were insane or dead or prevented from testifying because of some other acceptable reason." Moore v. Metropolitan Life Ins. Co., 237 S.W.2d 210, l.c. 212 (Mo.App.1951); See also Sutter v. Easterly, 354 Mo. 282, 189 S.W.2d 284 (1945).

We conclude that for the purpose of admitting into evidence the testimony of Chris Brownfield given at appellant's preliminary hearing he was "unavailable" by reason of asserting his privilege against self-incrimination.

The remaining question is whether proof of the previous testimony can be made, as was done in this case, by the oral testimony of a person who heard and remembered the previous testimony, when that is the best evidence available.

The answer to this can best be expressed by quoting from the annotation in 15 ALR, previously referred to, at page 544, as follows: "As has been seen from subd. I, supra [entitled 'The Rule in England'], after the passage of the English statutes permitting the preservation of testimony at preliminary examinations, the notes taken by the magistrates were not the sole method of proving the testimony given, and, before the time when court stenographers became common, the only way of proving testimony given at a former trial was by the memory of one who heard it, aided by such notes as he might have taken of the trial, which could not be read, but must be used,

if at all, merely as an aid to memory. The result was that it early became settled that the testimony of a witness who could not be produced at the trial might be proved by parol. And this seems to be still the general rule." There then follows the citation of thirty-two cases from fifteen separate jurisdictions. Then in the supplements to the annotation previously referred to there appear the citations to ten additional cases from six additional jurisdictions. We need not cite the cases here, because they are available to those interested by reference to the annotations. We refer to them in this manner to show that, although we find no Missouri case on this precise point, the rule set out above is widely accepted, with no cases to the contrary. A case remarkably similar factually to this case, and not cited in the annotations, is State v. Solomon, 5 Wash.App. 412, 487 P.2d 643 (1971). In that case the oral testimony of one who heard and remembered the testimony of the witness at the preliminary hearing was held to be admissible at the later trial when the witness was not available.

When the testimony of a witness given at a prior judicial proceeding is otherwise admissible at a subsequent proceeding, oral testimony by one who was present and remembers what the witness said is permissible when it meets the best evidence rule, as it does in this case.

We find no error prejudicial to appellant.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.