**612**

STATE of Missouri, Respondent,

v.

Clyde THOMAS, Appellant.

No. KCD 28351.

Missouri Court of Appeals,
Kansas City District.

Oct. 12, 1976.

Thomas M. Larson, Public Defender, Lee
M. Nation, Asst. Public Defender, Kansas
City, for appellant.

John C. Danforth, Atty. Gen., Christopher
R. Brewster, Asst. Atty. Gen., Jefferson
City, for respondent.

Before TURNAGE, P. J., and WEL-
BORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Clyde Thomas was convicted of burglary in the second degree, Section 560.045, RSMo 1969, and sentenced to five years confinement by a jury. On this appeal Thomas does not question the sufficiency of the evidence, but contends only the fingerprint expert who testified for the State was not shown to be sufficiently qualified to express an opinion.

Richard Schwieterman testified he was employed by the Kansas City, Missouri Police Department in the identification unit. He stated he was a "latent print examiner" and his job was to take prints which had been lifted from crime scenes by evidence technicians and evaluate them and then try to compare them with other prints of known persons. He had been engaged in this activity for thirteen years, had attended FBI seminars and had studied under other experts in the field. He stated he had compared over a million fingerprints. He is a member of The International Association for Identification and the Missouri Division of that organization. He reads the FBI Bulletin, The Identification News, and the magazine published by the Institute of Applied Science in Chicago.

Schwieterman stated a comparison is examination of a print, but an identification involved matching two prints to determine if there were characteristics in both sets of prints which would follow in the same relative position. He further stated he had identified about 3900 prints. He had testified as an expert in Magistrate, Juvenile, Circuit and Federal Courts, about 75 to 100 times in the latter two.

Schwieterman stated there is no formal training in fingerprint identification, but the Kansas City Police Department requires a minimum of five years experience before a person is allowed to testify in court.

In *State v. Phillips*, 511 S.W.2d 841, 844[5–8] (Mo.1974) the court stated that comparison of fingerprints is a proper matter for expert testimony and that "[t]he qualification of an expert is a matter within the sound discretion of the trial court."

Schwieterman testified to thirteen years experience in comparing and identifying fingerprints, to taking seminars and reading magazines in the field, and to experience in testifying in State and Federal Courts. In view of these qualifications it cannot be said the court abused its discretion in determining Schwieterman to be qualified as an expert witness in the identification of fingerprints.

As in *Phillips*, Thomas does not specify what qualifications he claims Schwieterman to be lacking. His attack seems to be directed mainly at the weight to be given Schwieterman's testimony which was a matter for the jury as the trier of fact.

It is pointed out in *State v. Harvell*, 527 S.W.2d 445, 448 n.3 (Mo.App.1975) that " '[t]he overwhelming majority of fingerprint experts have acquired their knowledge and experience "on the job". There are no courses of formal study in universities or colleges leading to a degree in fingerprint identification or [in] preparing one to become a fingerprint expert.' "

It was clearly shown that Schwieterman possessed ample qualifications to qualify him to express an opinion on the identification of Thomas' fingerprints found in the home which had been burglarized.

Judgment affirmed.

All concur.