**UNITED STATES of America**

**v.**

**Frank J. BRASCO, Defendant.**

**No. 73 Cr. 985 (JMC).**

United States District Court,
S. D. New York.

July 1, 1974.

See also D. C., 385 F.Supp. 966.

Paul J. Curran, U. S. Atty., S. D. N. Y. (Edward M. Shaw and Barbara Jones Ambler, Sp. Attys., Dept. of Justice, of counsel), for the Government.

Lyon & Erlbaum, Kew Gardens, N. Y. (Herbert A. Lyon and Charles Wender, Kew Gardens, N. Y., of counsel), for defendant.

Patrick M. Wall, New York City, for John Masiello, Sr.

## MEMORANDUM

CANNELLA, District Judge:

John Masiello, Sr., a witness for the government herein, has refused to give any testimony in this case for reasons which appear on the record *in camera*. As a result of such refusal, the witness was adjudged in civil contempt by the Court, 28 U.S.C. § 1826, on Thursday, June 27, 1974 and was given until today, July 1, 1974 to either purge himself thereof or to show cause why he should not be found guilty of criminal contempt.* Fed.R.Crim.P. 42(b); United States v. Marra, 482 F.2d 1196 (2 Cir. 1973); United States v. Wilson, 488 F. 2d 1231 (2 Cir. 1973). Today, despite the efforts of the Court, the attorney for the government and Masiello's own attorney, the witness has again refused to testify at this trial. In light of these circumstances, the Court has concluded that Masiello's prior testimony, given at the first trial of this case and subject to

---

* The precise factual and procedural details of Masiello's refusal to testify and the resulting contempt proceedings against him need not be recited here, other than to note their full amplification on the record of this trial. It need be noted, however, that Masiello was called upon to testify pursuant to a valid grant of immunity.

full and complete cross-examination at that time, is admissible in evidence at this trial under the former testimony exception to the hearsay rule, the testimony now being unavailable.

## DISCUSSION

The former testimony exception to the hearsay rule allows the introduction of a witness' testimony at a prior trial, otherwise hearsay, upon a showing that the witness is *now* unavailable *to testify.* The rule has three facets:

1) That the witness is unavailable;

2) That the defendant has had adequate opportunity to cross-examine the witness at the prior trial—so as not to affront the confrontation clause of the Sixth Amendment. *See, e. g.,* California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970);

3) An identity of issue between the proceedings.

■ In the classic statement of the rule, unavailability was proved by the showing of certain exigent circumstances not inclusive of refusal to testify —*i. e.,* death or severe disability of the witness; an assertion of privilege; absence from the jurisdiction and the like. *See,* 5 Wigmore on Evidence §§ 1403–1413 (3d ed.). The New York rule is in accord and does not list the refusal of a witness to testify as grounds for unavailability. N.Y.Crim.Proc.L. § 670.10. *See also,* Richardson on Evidence § 276 (9th ed. Prince). However, neither the classic common law formulation of unavailability nor New York law are controlling on this Court. Rather, the Court must proceed in compliance with Rule 26 of the Federal Rules of Criminal Procedure, which states, in pertinent part:

. . . The admissibility of evidence . . . shall be governed . . . by the principles of the *com-*

*mon law as they may be interpreted by the courts of the United States in the light of reason and experience.*

Thus, unlike its counterpart in the civil rules, Fed.R.Civ.P. 43(a), the criminal rule does not look to state law (here New York) for guidance, but rather contemplates a uniform body of federal criminal evidence law. *See, e. g.,* United States v. Provoo, 215 F.2d 531 (2 Cir. 1954); Advisory Committee Note to Rule 26; 3 Orfield, Criminal Procedure under the Federal Rules § 26.15. It is, therefore, incumbent upon the Court to seek out federal precedent in this area or, absent such, to fashion an appropriate rule in conformity with the strictures of Rule 26.

On the present issue, namely, whether Masiello's refusal to testify under the circumstances of this case, as they regard him, renders him *unavailable,* the Court need not fashion a rule of its own. The decision of the Court of Appeals for the Tenth Circuit in Mason v. United States, 408 F.2d 903 (10 Cir. 1969), cert. denied, 400 U.S. 993, 91 S.Ct. 462, 27 L. Ed.2d 441 (1971) is both dispositive and in complete accord with the Court's own thinking.

In *Mason,* certain witnesses who had testified at the first trial of the defendant refused to testify at the second trial, asserting their Fifth Amendment privilege against self-incrimination. They were granted immunity but continued in their refusals. The district court, thereupon, appointed counsel for them and made further efforts to have them testify. These efforts being unsuccessful, each of these witnesses was held in contempt by the court.

In view of such circumstances, the district court permitted the introduction of these witnesses' testimony at the former trial, "on the ground that the *testimony* was unavailable since the witness, although called and present in court, refused to testify." 408 F.2d at

905. The Court of Appeals affirmed, finding first, that the defendant had not been deprived of his Sixth Amendment right to confrontation, and, second, that the witnesses were, as a matter of law, unavailable. The Court stated:

> We consider . . . that the important element is whether the *testimony* of the witness is sought and is available and not whether the witness's body is available . . . . The record here shows that the trial judge did all that was reasonable and proper to have the witnesses testify. . . . We hold that the trial judge was not in error in permitting the use of the witnesses' testimony at the prior trial under the circumstances and in the manner he did.

408 F.2d at 906. The Court of Appeals further held that any explanation to the jury of the use of such former testimony, in the stead of live witnesses, rested within the discretion of the trial court.

*Mason* has been approvingly cited in later appellate cases. United States v. Milano, 443 F.2d 1022, 1029 (10 Cir. 1971); United States v. Allen, 409 F.2d 611, 613 (10 Cir. 1969). *And see,* United States v. Wilcox, 450 F.2d 1131, 1138 (5 Cir. 1971); United States v. Mobley, 421 F.2d 345 (5 Cir. 1970) (wherein the Court stated "[the witness'] silence in reliance, albeit misplaced, upon Fifth Amendment rights, makes him no less unavailable than death or absence from the country or physical inability to speak.", at 350–351). The courts of this Circuit have not adopted a contrary view. *Cf.,* United States v. Singleton, 460 F.2d 1148 (2 Cir. 1972).

In addition, Rule 804(a) of the Proposed Federal Rules of Evidence, clearly would allow the use of Masiello's prior testimony in these circumstances:

> (a) . . . "Unavailability as a witness" includes situations in which the declarant:
>
> . . . .

> (2) Persists in refusing to testify concerning the subject matter of his statement despite an order of the judge to do so . . . .

Albeit these rules are not yet the law and might never so become, they represent the product of years of thought and research by leading scholars in the field and by members of the judiciary, as well as the Supreme Court's stamp of approval. As such, the provisions of the proposed rules are persuasive on the Court in fulfilling its function under Rule 26.

 For all of the reasons above-stated, the Court finds the witness, John Masiello, Sr., *unavailable* as a matter of law, and allows the introduction of his testimony at the first trial in evidence in this case under the former testimony exception to the hearsay rule.

So ordered.